## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY CRENSHAW | ) | |
| and KENT CRENSHAW, as owner of | ) | |
| the DIAMONDS CLUB, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07cv1035-MEF |
| | ) | |
| | ) | |
| CITY OF MONTGOMERY and | ) | |
| L.C. CREMEENS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW OF DEFENDANT CITY OF MONTGOMERY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant City of Montgomery ('the City") adopts and incorporates the Motion for Summary Judgment with supporting evidentiary submissions and supporting Memorandum of Law filed by of Defendant Gary Cremeens ("Lt. Cremeens") in the cases of *Kendrick L. Dortch and Richard Thomas as owner of the Rose Supper Club vs. City of Montgomery and Lt. G.C. Cremeens*, Civil Action No. 2:07cv1034 and *Timothy Crenshaw and Kent Crenshaw as owner of the Diamonds Club vs. City of Montgomery and Lt. G.C. Cremeens*, Civil Action No. 2:07cv1035, as if fully set out herein.

### I.

#### SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of genuine issue of material fact.'" *Id.* at 323. The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing, or pointing out to, the district court that the non-moving party has failed to present evidence in support of some element of the case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the non-moving party has met its burden, Rule 56(e) "requires the non-moving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP. Similarly, the moving party is entitled to summary judgment if the non-moving party has failed to prove the elements of her case or there is the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. *Fitzpatrick v. City of Atlanta,* 2 F. 3d 1112, 1115-16 (11th Cir. 1993).

Additionally, conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.Rule* 56(c).

## II.

### BACKGROUND AND NARRATIVE STATEMENT OF FACTS

Plaintiff Kent Crenshaw is the owner of Diamonds Club ("Diamonds"). (*DX 1, Ken Crenshaw's Response to Cremeens' Discovery Requests, ¶ 12*). Plaintiff Timothy Crenshaw is an employee of Diamonds Club. (*DX 1, Ken Crenshaw's Response to Cremeens' Discovery Requests, ¶ 12*). Lt. Cremeens was a fire investigator for the City of Montgomery Fire Department for six years. (*DX 2, Cremeens Aff. ¶ 1*). He served in the Division of Investigations of the City of Montgomery Fire Department. (*DX 2, Cremeens Aff. ¶ 1*). As a fire investigator, Lt. Cremeens had arrest powers and the power to secure warrants for the arrests of individuals violating fire codes. (*DX 2, Cremeens Aff. ¶ 1*). Plaintiffs have alleged federal and state claims against Lt. Cremeens and the City of Montgomery due to the Summons to Appear issued for reckless endangerment on Plaintiff Timothy Crenshaw and for closing the Diamonds Club on November 24, 2005 for being over the occupancy capacity until re-opening was approved by the City Council on December 1, 2005. (*Doc. 1, Complaint*).

In 2005 the City of Montgomery was enforcing the 2003 version of the National Fire Protection Association Code (NFPA). (*DX 2, Cremeens Aff. ¶ 2*). That code provides a formula that specifies the capacity of nightclubs, restaurants and other facilities open to the public. (*DX 2, Cremeens Aff. ¶ 2*).

The Division of Investigation for the fire department for which Lt. Cremeens worked had nothing to do with the setting of limits on how many patrons could be in Rose Supper Club or Diamonds Club or any establishment at a given time. (*DX 2, Cremeens Aff. ¶ 2*). The Division of Investigation is charged with assisting the City Fire Marshal's office in enforcing limitations on the

3

capacity of an establishment.  *(DX 2, Cremeens Aff. ¶ 1).*

A determination of overcrowding in a public facility may be made by two means.  Routine inspections are made of various facilities including nightclubs to ensure that proper capacities are maintained.  *(DX 2, Cremeens Aff. ¶¶3-4).* These inspections entail a walk-through of the establishment being inspected. *(DX 2, Cremeens Aff. ¶4).*  Also, members from the Division of Investigation respond to calls received by them or the police from a patron or citizen that an establishment is overcrowded which is what occurred at Diamonds Club on November 24, 2005. *(DX 2, Cremeens Aff. ¶ 13).*

When a facility is overcrowded it is closed for the evening.  *(DX 2, Cremeens Aff. ¶ 6).*  In 2005 the only punishment for being over capacity was issuance of a uniform non-traffic offense for overcrowding which resulted in a fine.  *(DX 2, Cremeens Aff. ¶ 6 ).*  The Diamonds Club had been overcrowded earlier in 2005.  *(DX 2, Cremeens Aff. ¶¶ 9-11; DX 3, Murphy Affidavit).*  On April 8, 2005 Lt. Cremeens determined that the Diamonds Club was over capacity by some 117 patrons.  *(DX 2, Cremeens Aff. ¶ 11; DX 3, Murphy Affidavit).*  The owners/managers of the club appeared in municipal court and plead guilty to violating the City's fire code.  *(DX 3, Murphy Affidavit).*

Closing a nightclub for the night did little to deter a nightclub from being overcrowded again.  *(DX 2, Cremeens Aff. ¶6).*  Such was particularly true in that a club that was overcrowded generally had already charged its patrons a cover charge before it was closed down because it was over capacity. *(DX 2, Cremeens Aff. ¶6).*

Citations of overcrowding or over capacity are only issued upon probable cause to believe overcrowding exists. *(DX 2, Cremeens Aff. ¶ 7).*  When  overcrowding is suspected the investigator may conduct a walk-through inspection or administrative search.  *Id.*  At that time if the club appears

overcrowded the patrons are asked to exit the front doors. *Id.* All other doors are secured by assisting police officers. *Id.*

The patrons then proceed through the front entrance where the investigator counts them with a mechanical counter. *(DX 2, Cremeens Aff. ¶ 7).* To determine if the establishment is overcrowded the investigator then compares the number of people on the count with the number posted as capacity for each establishment by the fire marshal. *Id.* The investigator then proceeds to the City of Montgomery magistrate's office to fill out appropriate documentation. *Id.* No arrests are made at the scene. *Id.* The charges arrive later from issuance of a warrant by a properly authorized and trained City of Montgomery magistrate. *Id.*

The decision to secure a warrant or to cause the arrest of individuals operating at overcrowded capacity is a discretionary function of the fire investigators such as Lt. Cremeens. *(DX 2, Cremeens Aff. ¶ 8).*

In regard to the events that lead to this case, late in the evening on November 24, 2005 Lt. Cremeens received a complaint from an individual who identified herself as Tacorney Arrington. *(DX 2, Cremeens Aff. ¶13).* The complaint was that the Diamonds Club was overcrowded. *(DX 2, Cremeens Aff. ¶ 13).*

Lt. Cremeens responded to that as well as another call that the Diamonds Club was overcrowded shortly before midnight on November 24, 2005. *(DX 2, Cremeens Aff. ¶ 13).* Two City of Montgomery police units were present as well. *Id.* After an initial walk-through of the Diamonds Club it was the opinion of Lt. Cremeens that the club was seriously over capacity. *Id.* Lt. Cremeens instructed the manager of the Diamonds Club, Plaintiff Timothy Crenshaw, to turn the lights on, turn the music off, and instruct all patrons to exit the front door. *(DX 2, Cremeens Aff. ¶ 14).* The other

exits were secured by assisting police officers. *Id.* Using the mechanical counter Lt. Cremeens determined that the total number of people that exited was 463. *Id.* It is admitted by the Diamonds Club that its capacity on November 24, 2005 was 299. *(DX 4, Response to Discovery, Admission No. 3).*

Lt. Cremeens felt that the management of the Diamonds Club had disregarded the situation so as to increase the risk of death or serious bodily harm to patrons as well as create a fire hazard. *(DX 2, Cremeens Aff. ¶14).* Management at the Diamonds Club does not contend in this suit that overcrowding does not create a significant risk to health and safety or that overcrowding creates a fire hazard. *(DX 4, Response to Discovery, Interrogatories 2 and 4).*

After his inspections, Lt. Cremeens followed the same routine procedure he had followed in the past. *(DX 2, Cremeens Aff. ¶18).* He went to the City of Montgomery magistrate's office and filled out appropriate documentation. *Id.* In doing so he was following the guidelines of the Montgomery Fire Department as it pertains to overcrowding of clubs and the closures thereof. *(DX 2, Cremeens Aff. ¶¶ 18, 19).* Lt. Cremeens did not arrest or handcuff any individual at the Diamonds Club. *(DX 2, Cremeens Aff. ¶18).*

The initial charge authorized by the magistrate was overcrowding. *(DX 2, Cremeens Aff. ¶19).* That charge was a non-traffic offense punishable by a fine. *Id.* Shortly after instituting the charge of overcrowding, Cremeens was advised by City of Montgomery Municipal Court Administrator and Chief Magistrate Patrick Murphy that the NFPA code being used by the City while having been approved to designate the maximum capacities of public facilities, it had not been approved by the City Council to include a fine or punishment. *(DX 2, Cremeens Aff. ¶19; DX 3, Murphy Affidavit).* Cremeens then signed an affidavit for the charge of reckless endangerment in

6

violation of ALA. CODE § 13A-6-24 (1975) which states that "a person commits a crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.".  *(DX 2, Cremeens Aff. ¶19; DX 3, Murphy Affidavit).*  The magistrate authorized the charge of reckless endangerment.  *(DX 2, Cremeens Aff. ¶20; DX 3, Murphy Affidavit).*  Timothy Crenshaw was not arrested nor required to post bond. *(DX 3, Murphy Affidavit).* He was served with a Summons to Appear in the City of Montgomery Municipal Court.  On April 11, 2006 Plaintiff Timothy Crenshaw was adjudicated guilty of reckless endangerment in the City of Montgomery Municipal Court.  *(DX 3, Murphy Affidavit).*

Crenshaw appealed to circuit court.  *(DX 2, Cremeens Aff. ¶23).*  The circuit judge dismissed the charge of reckless endangerment against Timothy Crenshaw.  *( DX4, Murphy Affidavit).*  The case did not go to a jury.  *(DX 3, Murphy Affidavit).*

Plaintiff Kent Crenshaw filed a claim with the City Clerk on May 23, 2006. *(DX 5, Blalock Affidavit).* Plaintiff Timothy Crenshaw filed a claim with the City Clerk on December 29, 2006. *(DX 5, Blalock Affidavit).*

Plaintiffs filed this lawsuit on November 26, 2007. *(Doc. 1, Complaint).* The lawsuit alleges federal causes of action for illegal seizure and detention in Count I; selective and unequal treatment/denial of equal protection of the law in Count II and denial of due process in Count III. *(Doc. 1, Complaint).*   The lawsuit also alleges pendent state claims of malicious prosecution in Count IV and a final count for abuse of process.  *(Doc. 1, Complaint).*

## III.

### ARGUMENT

**A.    ALLEGATIONS IN COMPLAINT**

**FEDERAL CLAIMS**

**Count I:  Illegal Seizure and Detention**

Count I of the lawsuit alleges illegal seizure and detention in that Lt. Cremeens acted under color of law and with specific intent to deprive Timothy Crenshaw of his Fourth Amendment rights as it applies to the states by the Fourteenth Amendment.  Count I also contends Lt. Cremeens brought illegal charges against Crenshaw and closed Diamonds without authority, and that by the City refusing to dismiss the charges or closing Diamonds without a hearing ratified the conduct of Lt. Cremeens.  It further alleges that Lt. Cremeens was executing a custom or policy of the City.  Only Timothy Crenshaw demands judgment in Count I.

**Count II:  Equal Protection of the Law**

Count II of the lawsuit alleges selective and unequal treatment/denial of equal protection of the law.  Count II contends that the Lt. Cremeens and the City retaliated against Crenshaw for "exercising his constitutional right in seeking redress of the overcrowding charge" and abused the judicial system by instituting a charge for reckless endangerment when the overcrowding was not a criminal act and there was no authority stating that overcrowding is a criminal act.  Only Timothy Crenshaw demands judgment in Count II.

**Count III: Denial of Due Process of Law**

Count III alleges that Lt. Cremeens was executing a custom or policy of the City and violated the Plaintiffs' Fifth Amendment rights to due process.  Plaintiffs demand judgment in Count III.

*S*TATE *C*LAIMS

***Count IV: Malicious Prosecution***

Count IV alleges a state law claim by Crenshaw against Lt. Creemens and the City for malicious prosecution. Count IV contends that Lt. Cremeens acted with malice and that the City adopted and ratified the actions of Lt. Cremeens.

***Count V: Abuse of Process***

Count V alleges a state law claim by Crenshaw against Lt. Creemens and the City for wrongly using the judicial process to prosecute Crenshaw for reckless endangerment. Count V contends that overcrowding was not a criminal offense but Lt. Cremeens and the City continued with the criminal prosecution against Crenshaw for reckless endangerment.

**B.    *C*LAIMS UNDER *42 U.S.C. § 1983*

For civil rights liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that a municipal official or employee caused the deprivation of one's constitutional rights by acting pursuant to official governmental policy. *See Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978) ("[I]t is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983.") Plaintiffs have not shown any custom or policy of the City under any of the claims under 42 U.S.C.§ 1983 that caused a civil rights violation. Plaintiffs have not submitted that any final policymaker of the City acted with an unconstitutional motive. Merely using the words "policy" or "custom" or "unconstitutional" in the allegation is not sufficient to state a claim under 42 U.S.C. § 1983. *See Monnell v. Dept. of Social Services*, 436 U.S. 658 (1978).

In Count I, as the basis for his claim of unlawful detention, Crenshaw claims that the City

ratified the actions of Cremeens by refusing to dismiss the charges against him for reckless endangerment and requiring Diamonds to remain closed without a hearing. Crenshaw further contends that Cremeens acted maliciously and without probable cause and was executing the City's policy or custom in doing so. Crenshaw does not identify a policy or custom in Count I to invoke municipal liability. A governing entity cannot be held liable in an action brought pursuant to 42 U.S.C.A. § 1983 under a theory of respondeat superior. *Monell v. Department of Social Services of New York City,* 436 U.S. 658, 694 (1978). Therefore, Crenshaw may not base claims against the City on respondeat superior or vicarious liability; rather, he must show an official policy or custom of the City directly caused the alleged injury to him.

In *Monell*, the Supreme Court held that municipalities cannot be liable under §1983 on the theory of respondeat superior, but rather, can be liable under that statute only if they maintain unconstitutional or illegal policies or customs; absent unconstitutional or illegal policies or customs, municipalities and their officials may not be sued for the acts of their employees. Moreover, a plaintiff must show that an official policy was the reason behind the alleged constitutional deprivation. *Farred v. Hicks,* 915 F. 2d 1530 (11th Cir. 1990).

It is well established that a local government agency or its officials "may only be liable under §1983 if an action pursuant to official policy of some nature caused a constitutional tort." *Church v. City of Huntsville*, 30 F. 3d 1332, 1342 (11th Cir. 1994); *Dowdell v. Chapman,* 730 F. Supp. 533, 545 (M.D. Ala. 1996) (causal link must be established between official policy and custom and plaintiff's injury). It is only when execution of municipal policy or custom inflicts constitutional injury that the municipality or its official policymakers are responsible under §1983. *Monell v. New York Dept. of Social Services, supra* at 694. The Plaintiff must show the official policy or custom

10

was the reason behind the alleged constitutional deprivation. *Farred v. Hicks, supra*.

Crenshaw was never arrested but rather was issued a Summons to Appear in Municipal Court for the charge of reckless endangerment. *(DX 2, Cremeens Aff. ¶7; DX 3,Murphy Affidavit).* Diamonds was provided a hearing on December 1, 2005 in which they were allowed to reopen. *(DX 5, Blalock Affidavit).*

In Count II, Plaintiffs state that the City premised Crenshaw's prosecution and therefore Crenshaw suffered selective enforcement of the laws and a violation of equal protection. Plaintiffs cannot succeed on their claims for selective enforcement and violation of equal protection. To state a claim under the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs must provide a comparator to show that they were treated differently from similarly situated persons and that Defendants unequally applied the law for the purpose of discriminating against them. *See Roy v. Board*, 2007 WL3345352 (N.D.Fla. 2007). Plaintiffs contend that Defendants specifically targeted African American nightclubs during the Thanksgiving weekend. However Lt. Cremeens received two complaints for overcrowding at Diamonds on November 24, 2005. *(DX 2, Cremeens Aff. ¶ 13).*

Plaintiffs have alleged that the City has a policy of limiting the enforcement of capacity requirements exclusively to nightclubs. *(Doc. 1, Complaint ¶ 8).* However, the incident that is the basis of this complaint was not arbitrary enforcement of capacity requirements but rather occurred because Defendant Cremeens received complaints that Plaintiffs' nightclub was overcrowded *(DX 2, Cremeens Affidavit, ¶¶ 13).* Furthermore, Plaintiffs cannot show that Defendants did not require other nightclubs to be in compliance with the occupancy capacity requirements for their respective clubs.

To maintain a selective enforcement or discriminatory prosecution claim giving rise to an

equal protection violation, Plaintiffs must prove: (1) that others are generally not prosecuted for the same conduct; and (2) that the decision to single a plaintiff out was based on impermissible grounds such as race, religion, or the exercise of constitutional rights.  *See Church of Scientology v. Commission of Internal Revenue,* 823 F.2d 1310 (9th Cir. 1987), cert denied 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  As shown herein, however, Plaintiffs' claims fail.

In regard to the events that lead to this case, late in the evening on November 24, 2005 Lt. Cremeens received a complaint from an individual who identified herself as Tacorney Arrington. *(DX 2, Cremeens Aff. ¶13).*  The complaint was that the Diamonds Club was overcrowded.  *(DX 2, Cremeens Aff. ¶ 13).*  As an investigator for the Montgomery Fire Department,  Lt. Cremeens had a duty to enforce the occupancy capacity as set by the City of Montgomery for the safety of the occupants at Diamonds.

The management of the Diamonds Club and Timothy Crenshaw cannot refute that the Diamonds Club was overcrowded on November 24, 2005.  *(DX 6, Response to Interrogatories No. 10 and 11).*

After his inspections Lt. Cremeens followed the same routine procedure he had followed in the past.  *(DX 2, Cremeens Aff. ¶18).*  He went to the City of Montgomery magistrate's office and filled out appropriate documentation.  *Id.*  In doing so he was following the guidelines of the Montgomery Fire Department as it pertains to overcrowding of clubs and the closures thereof.  *(DX 2, Cremeens Aff. ¶¶ 18, 19).*  Lt. Cremeens did not arrest or handcuff any individual at the Diamonds Club.  *(DX 2, Cremeens Aff. ¶18).*  Timothy Crenshaw was not arrested but received a Summons to Appear in Municpal Court.  *(DX 3, Murphy Affidavit).*

Lt. Cremeens was following his regular procedure for overcrowding.  The initial charge

authorized by the magistrate was overcrowding. *(DX 2, Cremeens Aff. ¶19).* That charge was a non-traffic offense punishable by a fine. *Id.* Shortly after instituting the charge of overcrowding, Lt. Cremeens was advised by City of Montgomery Municipal Court Administrator and Chief Magistrate Patrick Murphy that the NFPA code being used by the City, while having been approved to designate the maximum capacities of public facilities, it had not been approved by the City Council to include a fine or punishment. *(DX 2, Cremeens Aff. ¶19; DX 3, Murphy Affidavit).*

Lt. Cremeens explained the facts to the magistrate and the magistrate authorized the charge of reckless endangerment. *(DX 2, Cremeens Aff. ¶20; DX 3, Murphy Affidavit).* Lt. Cremeens then signed an affidavit for the charge of reckless endangerment in violation of ALA. CODE § 13A-6-24 (1975) which states that "a person commits a crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.". *(DX 2, Cremeens Aff. ¶19; DX 3, Murphy Affidavit).* On April 11, 2006 Plaintiff Timothy Crenshaw was adjudicated guilty of reckless endangerment in the City of Montgomery Municipal Court. *( DX 3,Murphy Affidavit).*

Defendants did not arbitrarily or selectively enforce the occupancy limits at Diamonds. Defendants responded to complaints. Unsupported allegations that Plaintiffs were treated differently are not sufficient to withstand a Motion for Summary Judgment. *See Massey v. Desauriers*, 2005 WL 2043006 (D. Vt. 2005); *see also Goneaga v. March of Dimes,* 51 F. 3d 14(2nd. Cir. 1991). A mere failure to prosecute other offenders for violating the town code is not a basis for finding a denial of equal protection. *See Zahra v. Town of Southhold,* 48 F. 3d 674 (2nd Cir. 1995).

"The conscious exercise of some selectivity in [the] enforcement [of an otherwise nondiscriminatory law] is not in itself a federal constitutional violation" so long as "the selection was

[not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bordenkircher v. Hayes, 434 U.S. 357 (1978).* Lt. Cremeens received two complaints for overcrowding at Diamonds on November 24, 2005. Lt. Cremeens was acting in his capacity as an arson investigator in enforcing the occupancy capacity for Diamonds on November 24, 2005. Plaintiffs cannot demonstrate that enforcement of the capacity requirements "was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Bordenkircher v. Hayes, 434 U.S. 357 (1978).* Plaintiff's obvious disagreement with the necessity of closing his business for overcrowding does not equate to selective enforcement. To the extent that Plaintiffs have been unable to establish a claim for violation of equal protection or a claim for selective enforcement, their claims must fail.

In some situations a municipality or its officials may be subject to §1983 liability for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval from the bodies of official decision making channels." *Monell v. New York Dept. of Social Services, supra* at 690-91. Such liability requires that the Plaintiff provide evidence that establishes "a widespread practice that, 'although not authorized by written law or express municipal policy is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988). Stated differently, "a longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown v. City of Ft. Lauderdale,* 923 F. 2d 1474, 1481 (11th Cir. 1991). In such circumstances, however, "considerably more proof than [a] single incident will be necessary" to establish liability. *Oklahoma City v. Tuttle,* 471 U.S. 808, 834 (1985).

14

Count III of Plaintiffs' Complaint makes a general allegation that Cremeens was carrying out a policy or custom that violated Crenshaw's right to due process. However, Plaintiffs do not identify any policy or custom that deprived them of their constitutional rights. *(Doc. 1, Complaint ¶¶ 47-49; Doc 19-3 and Doc. 19-4).* To establish a procedural due process clause violation in action under § 1983, plaintiff must establish: (1) deprivation of constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *See Foxy Lady, Inc. v. City of Atlanta, Ga.* 347 F.3d 1232 (11th Cir. 2003). It cannot be disputed that Plaintiffs were provided due process.

Plaintiffs were aware of their occupancy capacity as set out by the City of Montgomery. It cannot be disputed that Plaintiffs had previously violated the occupancy capacity and were closed. *(DX 2, Cremeens Aff. ¶¶ 6 & 9; DX 3, Murphy Affidavit).* In *Goldberg v. Kelly,* 397 U.S. 254, 268-69, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970), the United States Supreme Court explained that "[t]he opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard." Procedural due process is not a technical concept with a fixed content. Procedural due process is a flexible concept and calls for such procedural protections as the particular situation demands. *See Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)

On November 24, 2005, Diamonds was over capacity by 164 occupants and closed. *(DX 2, Cremeens Aff. ¶14; DX 3, Murphy Affidavit).* Plaintiffs appeared at a special meeting before the City Council on December 1, 2005, and Diamonds was allowed to reopen. *(DX 5, Blalock Affidavit).* The temporary closure of Diamonds by the City of Montgomery did not violate Plaintiffs procedural due process. Ordinarily due process requires a hearing prior to a deprivation of a significant property interest. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 19 (1978). However, summary

15

governmental action taken in emergencies and designed to protect the public health, safety, and general welfare does not violate due process. *Hodel v. Virginia Surface Mining & Reclamation Ass'n,* 452 U.S. 264, 299-300 (1981). Defendants closed Diamonds because there was a legitimate public safety and welfare interest in permitting city officials to protect the patrons of Diamonds. The occupancy capacity is required by the City to determine the number of occupants that can safely be in an establishment at one time.

In *McKinney v. Pate,* the Eleventh Circuit wrote that "a procedural due process violation is not complete 'unless and until the State fails to provide due process.' " 20 F.3d 1550, 1557 (11th Cir.1994) (en banc) (citing *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990)). Plaintiffs were provided extensive post-closure review and remedies. Additionally, Plaintiffs were allowed to reopen. Furthermore, Plaintiffs could have pursued remedies in state court for lost profits or damages suffered by the club's closure. Plaintiffs therefore suffered no procedural due process violation. *See Horton v. Bd. of County Comm'rs of Flagler County,* 202 F.3d 1297, 1300 (11th Cir.2000) (concluding that plaintiff's failure to pursue state law claim is not dispositive; Fourteenth Amendment only requires that plaintiffs have *opportunity* to pursue relief in state courts).

The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty," *McKinney v. Pate* 20 F.3d 1550, 1557 (11th Cir.1994) citing *Palko v. Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937). To establish a violation of substantive due process, the plaintiffs must prove that the government's action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395 (1926). Where the governmental action has a substantial relation to the general

16

welfare, the action is not arbitrary and not violative of substantive due process. *Armendariz v. Penman, 31 F.3d 860 (9 th Cir.1994), aff'd in part,*75 F.3d 1311 (1996). As previously set forth, Diamonds was 164 occupants over the allowed occupancy capacity of 199. Clearly the actions of the Defendants had a substantial relation to public health, safety and general welfare of those present. Therefore, Plaintiffs cannot succeed on claims for violation of substantial due process.

A governmental entity can only be held responsible under §1983 for the unauthorized actions of its employees when its final decision makers participated in a policy or custom which resulted in a constitutional violation or a governmental entity can be held liable under §1983 when constitutional violations arise from "custom", even though the custom is not the product of a formal adoption by the municipal policy making authorities. *Monell*, 436 U.S. 658, 690-691.

In the present case, Plaintiffs cannot succeed on their claims of a practice or custom that would make the City of Montgomery liable under 42 U.S.C. § 1983. Indeed, Cremeens was compliant with state law.

In *Byrd v. Clark*, 783 F. 2d 1002 (11th Cir. 1986) the trial court granted summary judgment in favor of the municipality. That decision was affirmed on appeal. The Eleventh Circuit Court of Appeals concluded that in the absence of any evidence of a policy, practice or custom, either express or implied, which contributed to the alleged violation of plaintiff's constitutional rights when she was arrested, released and rearrested, the city was not liable to plaintiff under §1983. In the present case, the City did not engage in any activity nor did it implement any custom or policy that caused Plaintiffs to be deprived of a constitutional right.

In order to recover there must be a causal connection between the policy or custom of the municipality and the constitutional right alleged to have been violated. *Church v. City of Huntsville,*

30 F. 3d 1332, 1342 (11th Cir. 1994). To establish causation, "a plaintiff must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Comm'rs. of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997). The causal link must be such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Spell v. McDaniel,* 424 F. 2d 1380, 1389-91 (4th Cir. 1987); *McCroy v. City of Dothan,* 169 F. Supp. 2d 1260, 1285 (M.D. Ala. 2001). *See City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (the identified deficiency must be closely related to the ultimate injury).

Plaintiffs fail to state any facts that support a theory that the City participated in any policy, practice, or custom which resulted in a violation of §1983. The City of Montgomery is entitled to summary judgment on Plaintiffs' claims of constitutional violations as there is no genuine issue of any material fact.

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.Rule* 56(c). Therefore, Defendant City of Montgomery is entitled to summary judgment on all of the Plaintiffs, claims.

**C.    STATE CLAIMS**

***Statute of Non-Claims***

Section 11-47-23 provides limitation periods for presentation of claims against municipalities, as follows:

> All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.

Plaintiff Timothy Crenshaw's claims asserted for malicious prosecution and abuse of process are "claims for damages growing out of torts." Those claims are barred for failure to file claims with the clerk within six months of their accrual. Timothy Crenshaw filed his claim with the City Clerk on December 29, 2006. *(DX 5, Blalock Affidavit)* The incident that is the basis of this lawsuit occurred on November 24, 2005 which was more than a year before he filed his claim. His claim was even filed more than six months from the date of his conviction in Municipal Court on April 11, 2006.   Therefore those claims are barred for failure to file a claim with the clerk within six months of their accrual.

### State Agent Discretionary Function Immunity

As set out above, Defendant Cremeens was responding to complaints regarding the overcrowding at Diamonds. Lt. Cremeens was following his standard procedure for closing an overcrowded establishment. The magistrate determined that the facts established probable cause for the charge of reckless endangerment. Lt. Cremeens was acting within the line and scope of his duties and did nothing to exempt him from state agent discretionary function immunity.

Sec. 13-43 of the City of Montgomery Municipal Code states the following:

(a)  Members of the fire department assigned to the investigative division are hereby designated as law enforcement officers as defined by Code of Ala. 1975, § 11-43-181 and Rule 1.4 of the Alabama Rules of Criminal Procedure.

(b)  Members of the fire department assigned to the investigative division are hereby authorized to be armed and are empowered with the full authority of law enforcement officers to make arrests and to take other such action as may be legal, proper, and necessary for the enforcement of the laws of the city.

(c)  All members of the fire department investigative division shall meet the minimum standards and qualifications set out in Code of

19

Ala. 1975, § 36-21-46, including the completion of a course of training established or recognized by the Alabama Peace Officers' Standards Training Commission, and must maintain certification as law enforcement officers by that commission (A-POST).

Section 6-5-338, *Code of Alabama*, 1975 statutorily provides law enforcement officers with immunity from state law tort claims arising out of acts committed while the law enforcement officers engage in the performance of discretionary functions.  The performance of the discretionary functions must be within the scope of the officer's law enforcement duties.  Section 6-5-338(a) states as follows:

[E]very peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or a municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties are prescribed by the law, or by the lawful terms of their employment or appointment include the enforcement of, or the investigation or reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment or other lawful process with violations of, the criminal laws of this state shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in the performance of any discretionary function within the line and scope of his or her enforcement duties.

Since *Ex parte Cranman,* 792 So.2d 392 (Ala.2000), the Alabama Supreme Court examines peace officer immunity pursuant to § 6-5-338 as state-agent immunity rather than the classification of ministerial versus discretionary functions.  In *Cranman,* the Court held:

"A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's

20

(1)  formulating plans, policies, or designs; or

(2)   exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

    (a)   making administrative adjudications;
    (b)   allocating resources;
    (c)   negotiating contracts;
    (d)   hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students."

Section 6-5-338(b), *Code of Alabama*, 1975, provides "immunity not only to peace officers but governmental units and agencies authorized to appoint peace officers." The statute is explicit that liability will not attach unless a police officer acts willfully or maliciously. Lt. Cremeens was acting within the line and scope of his discretionary authority. He responded to complaints and proceeded as he normally would in overcrowding situations. As there is no evidence of any willful or malicious intent or actions by Defendant Cremeens in the present case, he is entitled to immunity. Additionally, a municipality cannot be deemed to act with malice. *Neighbors v. City of Birmingham,* 384 So.2d 113 (Ala. 1980).

Furthermore, for the reasons set out above, Plaintiffs cannot support a claim that Lt.

Cremeens acted in any way that would not permit him state agent immunity as described in *Cranman.* *Cranman* identifies an exception and states that a state agent shall not be immune from civil liability in his or her personal capacity:

> (1)  when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
>
> (2)  when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Cranman*, 792, So. 2d 405.

Accordingly, the City of Montgomery is also entitled to immunity from those causes of action. After all, "if a municipal police officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune." *City of Crossville v. Haynes,* 925 So.2d 944, 955 (Ala. 2005). Therefore, Defendant City of Montgomery is entitled to summary judgment on all of Plaintiffs' state law claims.

**D.    *PROBABLE CAUSE FOR RECKLESS ENDANGERMENT***

Timothy Crenshaw was convicted of reckless endangerment in Municipal Court. The fact that Timothy Crenshaw had never been charged for reckless endangerment in previous Diamonds' overcrowding closures or that the case was ultimately dismissed by the Circuit Court does not mean that probable cause never existed. On November 24, 2005, after the complaints for overcrowding were received, Lt. Cremeens counted 164 more occupants than the 299 determined as the occupancy capacity. The Chief Magistrate issued the Summons to Appear and determined that probable cause existed. *(DX 3, Murphy Affidavit).*

ALA. CODE 13A-5-24 (1975) provides:

> A person commits the crime of reckless endangerment if he
> recklessly engages in conduct which creates a substantial risk
> of serious physical injury to another person.

Probable cause to arrest thus requires something more than "mere suspicion," *Mallory v. United States,* 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). However, probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. *Adams v. Williams,* 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). *Dahl v. Holley,* 312 F. 3d 1228, 1236 (11th Cir. 2002). *See Adams v. Williams,* 407 U.S. 143, 149 (1972) (probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction); *Kelley v. Serna,* 87 F. 3d 1235, 1241 (11th Cir. 1996) (there is a substantial difference between the amount of proof necessary to constitute sufficient evidence to support a conviction and that necessary to support probable cause).

An arrest upon probable cause will not support an action under § 1983. *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001); *Wood v. Kesler*, 323 F. 3d 872 (11th Cir. 2003); *Knight v. Jacobson*, 300 F. 3d 1272 (11th Cir. 2002); *Lee v. Ferraro*, 284 F. 3d 1188 (11th Cir. 2002); *Rodriguez v. Farrell*, 280 F. 3d 1341 (11th Cir. 2002). Even if there were not probable cause for this arrest, arguable probable cause for an arrest will protect a municipal official from liability under § 1983. *Scarbrough v. Myles*, 245 F. 3d 1299, 1302 (11th Cir. 2001); *Rodriguez v. Farrell*, 280 F. 3d 1341 (11th Cir. 2002) (reasonable mistake in arresting plaintiff was not a constitutional violation); *Jones v. Cannon*, 174 F. 3d 1271 (1999); *Montoute v. Carr*, 114 F. 3d 181 (11th Cir. 1991).

The Chief Magistrate determined there was probable cause and was surprised to find out that Circuit Court did not allow the case be tried and at least go to a jury. *(DX 3, Murphy Affidavit).* Following the Circuit Court's order would infer that criminal charges could not be brought in the

23

death of someone in a club that died as a result of overcrowding. It would stand to reason that one could be criminally charged with the situation that created the dangerous situation. It is unclear how the Circuit Court could conclude that overcrowding does not fit the elements of reckless endangerment because there is not another case that holds such. Timothy Crenshaw had already been convicted in Municipal Court.

## IV.

### CONCLUSION

Plaintiffs have not alleged any custom or policy of the City that caused a violation of their civil rights or to support a §1983 action against the City of Montgomery. Timothy Crenshaw's claims for malicious prosecution and abuse of process are barred for failure to file claims with the clerk within six months of their accrual. The City of Montgomery is entitled to immunity pursuant to § 6-5-338(b). Defendant City of Montgomery is entitled to summary judgment on all of Plaintiffs' claims.

Submitted this 5th day of September, 2008.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for City of Montgomery

OF COUNSEL:
City of Montgomery
Legal Division
Post Office Box 1111
Montgomery, AL  36101-1111
334.241.2050
FAX 334.241.2310

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 5th day of September, 2008, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system to be served upon the following:

Fred F. Bell, Esq.
1015 South McDonough Street
Montgomery, AL  36104

Wes Romine, Esq.
*Morrow, Romine & Pearson, P.C.*
Post Office Box 4804
122 South Hull Street
Montgomery, AL  36103-4804

<u>s/Kimberly O. Fehl</u>
Of Counsel

**EXHIBIT 1**
**KENT CRENSHAW'S RESPONSE TO**
**CREMEENS' DISCOVERY REQUESTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY CRENSHAW, and<br>KENT CRENSHAW, as owner of<br>the DIAMONDS CLUB,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE CITY OF MONTGOMERY, and<br>LT. G.C. CREMEENS,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.  2:07cv1035-MEF |

## DEFENDANT G.C. CREMEENS' FIRST SET OF REQUEST FOR ADMISSIONS TO PLAINTIFFS TIMOTHY CRENSHAW AND KENT CRENSHAW AS OWNER OF DIAMONDS CLUB

Pursuant to Rule 36, Federal Rules of Civil Procedure Defendant requests that Plaintiffs, **separately and severally** admit or deny the following request for admissions:

1.　　That Plaintiff Kent Crenshaw has pled guilty to overcrowding or over capacity of the Diamonds Club on occasions prior to November 24, 2005.

**Response:**


2.　　That Plaintiff Timothy Crenshaw has pled guilty to overcrowding or over capacity of the Diamonds Club on occasions prior to November 24, 2005

**Response:**


3.　　That the occupancy of patrons designated by the City of Montgomery for Diamonds Club on November 24, 2005 was 299.

**Response:**

4.     That on November 24, 2005 the number of patrons in the Diamonds Club exceeded the occupancy of 299 designated for that establishment by the City of Montgomery.

**Response:**

5.     That the decision by law enforcement to charge or arrest employees of a facility that is overcrowded or over capacity for its patrons is a discretionary function.

**Response:**

6.     That overcrowding or over capacity of patrons creates a significant risk to the health and safety of the patrons of an establishment.

**Response:**

7.     That overcrowding or over capacity of patrons presents certain fire hazards to the patrons of an establishment

**Response:**

8.     That Plaintiff Timothy Crenshaw was responsible for maintaining the properly designated capacity of the Diamonds Club on November 24, 2005.

**Response:**

9.     That Plaintiff Kent Crenshaw was responsible for maintaining the properly

2

designated capacity of the Diamonds Club on November 24, 2005

      **Response:**

                                Respectfully submitted,


**WESLEY ROMINE (ROM002)**
ONE OF THE ATTORNEYS FOR
DEFENDANT G.C. CREMEENS

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742
Email:       wromine@mrplaw.com
               rsmorrow@mrplaw.com
               jhpearson@mrplaw.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2008, I have served the foregoing documents to the following via U S  Mail, postage prepaid:

Hon. Fred F. Bell
1015 south McDonough Street
Montgomery, AL 36104

Hon. Kimberly O. Fehl
City of Montgomery Legal Division
P.O. Box 1111
Montgomery, AL 36101-1111

Respectfully submitted,

WESLEY ROMINE (ROM002)
One of the Attorneys for Defendant
L.C. Cremeens
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:   (334) 262-7707
Facsimile:    (334) 262-7742
Email:        wromine@mrplaw.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY CRENSHAW, and      )
KENT CRENSHAW, as owner of  )
the DIAMONDS CLUB,          )
                            )
     Plaintiffs,            )
                            )      CIVIL ACTION NO. <u>2:07cv1035-MEF</u>
vs.                         )
                            )
THE CITY OF MONTGOMERY, and )
LT. G.C. CREMEENS,          )
                            )
     Defendants.            )

<u>DEFENDANT G.C. CREMEENS' FIRST SET OF INTERROGATORIES TO
PLAINTIFFS TIMOTHY CRENSHAW AND KENT CRENSHAW
AS OWNER OF DIAMONDS CLUB</u>

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant G.C.

Cremeens propounds the following interrogatories to the Plaintiffs Timothy Crenshaw and

Kent Crenshaw as owner of the Diamonds Club to be answered **separately and severally**

within thirty (30) days after service of the interrogatories

     1.    Do you or your attorney or any person acting on your/his behalf have

photographs, statements, tape recordings, video tapes or transcription of tape recording(s)

of or from any individual Defendant or any official, employee or agent of the City of

Montgomery who Plaintiff or his attorney maintains has significant enough authority to

allegedly bind the Defendant(s) by his or her statements or actions?

     a.    If so, state the name, title or position(s) and present place of

employment of the individual(s) who gave the statement or whose conversation was taped

or recorded or videotaped or photographed;

     b.    state the name, address and present place of employment of the

person to whom the statement was given or who participated or took part in the taped or recorded conversation or videotaping or photography.

**Response:**

2.     Is it the contention of the Plaintiff(s) that overcrowding or excess capacity of patrons in the Diamonds Club does not create a significant risk to the health and safety of the patrons?

**Response:**

3     If the answer to the preceding interrogatory is in the affirmative, please state:

a.     the basis of facts or principle of law which supports that contention;

b.     the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention

**Response:**

4.     Is it the contention of the Plaintiff(s) that overcrowding or excess capacity of patrons in the Diamonds Club does not create certain fire safety hazards to patrons in the establishment?

**Response:**

5.     If the answer to the preceding interrogatory is in the affirmative, please state:

2

     a.    the basis of facts or principle of law which supports that contention;

     b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

6.    In the event that it is the contention of the Plaintiff(s) that the acts of Defendant Cremeens in arresting or charging Plaintiff(s) with being over capacity or overcrowding were not within his discretionary function as a law enforcement officer please state

     a    the basis of the facts which support your contention;

     b.    any case or other legal authority that supports your contention.

**Response:**

7.    In regard to your contention that white establishments that serve alcohol have not been charged or prosecuted with being over capacity (or overcrowded), please state the following:

     a    the basis of the facts which support that contention;

     b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

3

8.    In regard to your contention that the management of white establishments that serve alcohol have not been arrested, charged or prosecuted for being over capacity (or overcrowded), please identify the name and address of each such establishment.

a.    state the date you allege that such establishment(s) was over capacity or overcrowded but that no action was taken by Defendants against it/them.

**Response:**

9.    In the event that it is your contention that Defendant Cremeens did not have probable cause to arrest or charge Timothy Crenshaw with the operation of an establishment that was over capacity or overcrowded on or about November 24, 2005, please state specifically the following:

a.    describe the basis of the facts or legal principles which demonstrate the absence of probable cause to arrest;

b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

10.    On November 24, 2005 was the Diamonds Club over its maximum capacity for patrons or overcrowded?

4

**Response:**


11.     In the event the preceding interrogatory is answered in the negative, please state:

      a.     the basis of your contention that the Diamonds Club was not overcrowded or over capacity on said date;

      b.     the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**


12.     Please state the role in the operation of the Diamonds Club of each individual answering these interrogatories (Timothy Crenshaw and Kent Crenshaw) on November 24, 2005, i.e. manager, doorkeeper, owner, bartender, patron, etc.).

**Response:**


13.     In regard to the claims on behalf of the Diamonds Club that it suffered a revenue loss as a result of being closed after the arrest of Plaintiff Timothy Crenshaw on November 24, 2005, please state the following:

      a     the amount of revenue alleged to have been lost;

        b.     how much in attorneys fees were incurred by Diamonds Club as a result of the closure;

        c.     how much in attorneys fees were incurred by Diamonds Club in defending the charge of or prosecution for overcrowding

**Response:**

14.    In regard to the claim of Plaintiff Timothy Crenshaw that he was caused to lose money as a result of his arrest on November 24, 2005, please itemize each element of money lost as stated in paragraph 27 of your complaint.

**Response:**

15.    As a result of any claim for mental anguish that you have arising from the facts alleged in your complaint, please state the name, present address and occupation of each physician, psychiatrist, medical provider, clergyman, counselor or other individual who has assisted or responded to that condition or treated you for it.

**Response:**

16.    Please state each time that you have been arrested or cited as a result of overcrowding or over capacity of patrons at the Diamonds Club

6

    a.      What was the result of the arrest or citation, i.e. conviction, acquittal, nolle prosse, etc.

    b.      In the event of conviction, did you plead guilty?

**Response:**

17    In regard to your contention in paragraph 25 of your complaint that Defendant Cremeens "fabricated facts" or added to or changed facts, please state what facts you alleged to have been fabricated

**Response:**

18.    In regard to your contention that Defendant Cremeens acted maliciously or knowingly to rob Plaintiffs of their civil rights, please state specifically the following:

    a.      describe the basis of facts or principle of law which demonstrates such malice or that the actions of Cremeens were designed to deprive Plaintiffs of civil rights;

    b.      the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

19    In regard to paragraph 45 of the complaint in which you alleged that

Defendant Cremeens acted to retaliate against Plaintiff Timothy Crenshaw, please state specifically the following:

      a.     describe the basis of the facts or legal principle which demonstrates such retaliation;

      b.     the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

    **Response:**

20.    Do Plaintiffs contend that the occupancy number for patrons at the Diamonds Club should be higher than that determined by the City of Montgomery

    **Response:**

21.    If the answer to the preceding interrogatory is in the affirmative, please state specifically the following:

      a     the basis of the facts or principle of law or code which demonstrates that the capacity should be designated higher or should be increased;

      b.     the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

    **Response:**

8

22.    In regard to the malicious prosecution claims brought against Defendant Cremeens please state if such claim is brought

      a.    under state law;

      b.    under federal law

**Response:**

23.    On November 24, 2005 (or in the early hours of November 25, 2005) did you (or any employee of Diamonds Club) telephone any employee or management of Rose Supper Club to advise employees or management of the Rose Supper Club that Diamonds Club had been closed as a result of being over capacity or overcrowded?

      a.    If so, why did you/they take such action?

**Response:**

24.    Do you intend to call an expert witness in the trial of the case, including but not limited to, any medical provider who will testify as to any condition alleged to be attributable to the acts of the individual Defendant; and

      a.    if so, state the name and address of each such expert witness;

      b.    the subject matter about which each such expert witness is expected to testify;

      c.    the substance of the facts and opinions to which each such expert witness is expected to testify, including but not limited to, the grounds of each such opinion.

9

Response:

Respectfully submitted,

*Wesley Romine*

WESLEY ROMINE (ROM002)
ONE OF THE ATTORNEYS FOR
DEFENDANT G.C. CREMEENS

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742
Email:       wromine@mrplaw.com
             rsmorrow@mrplaw.com
             jhpearson@mrplaw.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2008, I have served the foregoing documents to the following via U.S. Mail, postage prepaid:

Hon. Fred F. Bell
1015 south McDonough Street
Montgomery, AL 36104

Hon. Kimberly O. Fehl
City of Montgomery Legal Division
P.O Box 1111
Montgomery, AL 36101-1111

Respectfully submitted,

WESLEY ROMINE (ROM002)
One of the Attorneys for Defendant
L.C. Cremeens
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:   (334) 262-7707
Facsimile:   (334) 262-7742
Email:       wromine@mrplaw.com

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY CRENSHAW, et al              )
                                     )
        Plaintiffs,                  )
                                     )
vs.                                  )CASE NO. 2:07-cv-1035-MEF
                                     )
THE CITY OF MONTGOMERY, et al,       )
                                     )
        Defendants.                  )

## KENT CRENSHAW'S RESPONSE TO DEFENDANT
## CREMEENS' DISCOVERY REQUESTS

COMES NOW Kent Crenshaw and responds to the Defendant Cremeens'

discovery requests

## REQUEST FOR ADMISSIONS

1       Request for Admission # 1.  Response:    Admit

2       Request for Admission # 2.  Response:    Deny

3       Request for Admission # 3   Response:    Admit

4.      Request for Admission # 4   Response:    Deny

5.      Request for Admission # 5.  Response:    The Request calls for a legal
        conclusion. I do not possess the legal skill to admit or deny.  Therefore, I Deny
        the Request as written

6       Request for Admission # 6   Response:    The     Request     seeks     general
        information on establishments about which I do not have knowledge.  I am
        without sufficient knowledge to admit or deny.  Therefore, I Deny the Request as
        written.

7.      Request for Admission # 7.  Response:    The     Request     seeks     general
        information on establishments about which I do not have knowledge  I am
        without sufficient knowledge to admit or deny.  Therefore, I Deny the Request as
        written.

8.      Request for Admission # 8.  Response:    Deny

9.    Request for Admission # 9.    Response:    Admit

## FIRST SET OF INTERROGATORIES

1.    Interrogatory # 1.    Response:    No

2.    Interrogatory # 2.    Response:    I make no such contention.

3.    Interrogatory # 3.    Response:    See response Interrogatory # 2.

4.    Interrogatory # 4    Response:    I make no such contention

5    Interrogatory # 5.    Response:    See response to Interrogatory # 4.  No
response is required.

6.    Interrogatory # 6.    Response:    I do not know.

7.    Interrogatory # 7    Response:    I have not made the allegation that "white
establishments that serve alcohol have not been charged or prosecuted with being
over capacity"

8.    Interrogatory # 8.    Response:    See response to Interrogatory #7

9.    Interrogatory # 9.    Response:
      a    Timothy Crenshaw was not responsible for any overcrowding at the
           Diamonds Club
      b    Timothy Crenshaw.  Employed by Best Glass Co, 215, Bainbridge Ct.,
           Montgomery, Alabamaa

10.   Interrogatory # 10    Response:    To my knowledge, no

11.   Interrogatory # 11    Response:
      a.    I do not know that, as a fact, the Diamonds was over capacity.  The
            patrons were never counted in my presence.

      b.    I do not have any witnesses to support my contention that the I do not
            know, as a fact, that the Diamonds was over capacity and that the patrons
            were never counted in my presence.

12.   Interrogatory # 12.    Response:    Kent Crenshaw, owner; Timothy Crenshaw,
Disc Jockey Helper.

13.   Interrogatory # 13.    Response:
      a.    Between $12,000.00 and $15,000.00
      b.    Approximately $7,500.00

2

14.   Interrogatory # 14.   Response:   Timothy Crenshaw:  Lost income $500.00

15    Interrogatory # 15.   Response:   None

16.   Interrogatory # 16.   Response:   None

17.   Interrogatory # 17.   Response:   See the various complaints that are in the possession, custody, and control of the City of Montgomery. Mr. Cremeens had not observed Timothy Crenshaw violate any criminal law.   Yet he wrote a complaint.   On two different occasions he charged Timothy Crenshaw with overcrowding. After he learned that overcrowding was not a criminal offense; he still attempted to add facts to support a claim of reckless endangerment. Each time, additional "facts" were added to support his claims; these additional facts were not stated in the original complaint.

18    Interrogatory # 18,   Response: See response to Interrogatory #17.
       a.      Mr. Cremeens knew that I had not violated any criminal laws. He had no cause to arrest Timothy Crenshaw; yet he did. After he and the City realized that over crowding was not a criminal offense, he reconstructed the complaint to allege reckless endangerment.

       b       Tim Crenshaw; see response to Interrogatory # 9.

19    Interrogatory # 19.   Response:
       a.      In court, Mr. Cremeens stated that the only persons who had been charged with reckless endangerment were those persons charged during the  2005 Thanksgiving Holiday at the Diamonds, Rose, and the Cotton Club because they had challenged the him and the City on the overcrowding charge.
       b.      Timothy Crenshaw; see response to Interrogatory # 9.

20.   Interrogatory # 20.   Response:   I make no such  contention.

21.   Interrogatory # 21.   Response:   No response is required

22.   Interrogatory # 22    Response:   State Law

23    Interrogatory # 23.   Response:   I did not.

24    Interrogatory # 24.   Response:   At this juncture, my attorney has not stated that he would call an expert. If he does, I will provide this information to the Defendants immediately.

3

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Done this ___11th___ day of ___MAy___ 2008

_Kent Crenshaw_
Kent Crenshaw

4

**EXHIBIT 2**
**AFFIDAVIT OF G. C. CREMEENS**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK L. DORTCH, and          )
RICHARD THOMAS, as owner of      )
the ROSE SUPPER CLUB,            )
                                 )
        Plaintiffs,              )
                                 )        CIVIL ACTION NO. 2:07cv1034-MEF
                                 )
vs.                              )
                                 )
THE CITY OF MONTGOMERY, and      )
LT. G.C. CREMEENS,               )
                                 )
        Defendants.              )


TIMOTHY CRENSHAW, and            )
KENT CRENSHAW, as owner of       )
the DIAMONDS CLUB,               )
                                 )
        Plaintiffs,              )
                                 )        CIVIL ACTION NO. 2:07cv1035-MEF
                                 )
vs.                              )
                                 )
THE CITY OF MONTGOMERY, and      )
LT. G.C. CREMEENS,               )
                                 )
        Defendants.              )


AFFIDAVIT OF G.C. CREMEENS

STATE OF ALABAMA          )

COUNTY OF MONTGOMERY   )

BEFORE ME, Donna DeShields , a Notary Public in and for said County and State,

personally appeared G.C. Cremeens, who is known to me, and who, after first being duly sworn,

does state as follows:

1.     My name is G.C. Cremeens. I am retired as a fire investigator with the City of Montgomery. I was a fireman with the City of Montgomery for more than fifteen years. Then for the next six years I was a fire investigator. I served with the Division of Investigation of the City of Montgomery Fire Department. In my capacity as an fire investigator I had arrest powers. I had inspection powers regarding the person capacity of an establishment. I had authority to secure an arrest warrant based on my inspections. I have been through Montgomery Police academy training and as a consequence have same authority as a police officer. The Alabama Peace Officers Standards Training Commission has authorized me to (as well as the other fire investigators) to make arrests and swear out warrants the same as do other law enforcement officers.

2.     In 2005 the City of Montgomery was enforcing the 2003 version of the National Fire Protection Association Code (NFPA) That code provides a formula that specifies the capacity of night clubs, restaurants and other facilities open to the public. The designated capacity for patrons is set by the Codes and Standards Division of the fire department. It is then approved by the Montgomery City council. The Division of Investigation has nothing to do with setting the limits on how many patrons can be in an establishment at a given time. The Division of Investigation is charged with assisting the City Fire Marshal's office in enforcing the limitations on the capacity of an establishment.

3.     In order to enforce the capacity requirements periodic inspections are conducted of various public facilities to determine whether they are overcrowded. There is no policy existing in the City of Montgomery to pre-determine a charge of overcrowding. That determination is based on whether a facility is overcrowded when a routine inspection in conducted.

4     During the inspection, an administrative search is conducted. This search is done

2

with regularity and neutrality. It is a fire code inspection to ensure proper capacities are maintained. It entails a walk-through of the establishment being inspected.

    5.    The inspections are periodic, generally every other weekend. That is a longstanding City of Montgomery policy. In order to enforce the designated capacities I would be given a list of public facilities to inspect. During my tenure the emphasis was generally on the 120 night clubs existing in Montgomery because those establishments have been determined over many years to be the most likely to be over capacity.

    6.    When a facility is overcrowded it is closed for the evening. In 2005 the only punishment for being over capacity was issuance of a uniform non-traffic offense charge for overcrowding. Conviction of that charge resulted in a fine. Frequently, that situation did little to deter a nightclub from being overcrowded the next night. Such was particularly true in that a club that was overcrowded generally had already charged its patrons a cover charge before it was closed down because it was over capacity.

    7.    The citations for overcrowding or over capacity were only issued upon probable cause to believe overcrowding existed. The general policy is when overcrowding is suspected the investigator will conduct a walk through inspection or administrative search. At that time if a club appears overcrowded the patrons are asked to exit the front doors. All other doors are secured by assisting police officers. The patrons then proceed through the front entrance where the investigator counts them with a mechanical counter. The investigator then compares the number of people on the count with the number posted as the capacity for each establishment by the Fire Marshal to determine if it is overcrowded. The investigator then proceeds to the City of Montgomery magistrate's office to fill out the appropriate documentation. That procedure is according to the

3

guidelines of the Montgomery Fire Department as it pertains to overcrowding situations. No arrests are made at the scene. The charges arise later from issuance of a warrant by a properly authorized and trained City of Montgomery magistrate.

8      At all times the process of inspecting facilities for overcrowding and securing warrants for the arrests of individuals was a discretionary function. It was part of the performance of my duties and was within the scope of my authorities as a fire investigator.

9      It should be realized that the two clubs involved in the above lawsuits against City of Montgomery and me had previous citations for overcrowding before those at issue. Indeed, the Rose Supper Club (and its predecessor club Top Flight) have a long history of repeated overcrowding. As early as February, 2004 I notified my superiors that overcrowding at the Rose was a serious risk to patrons inside the club in light of then recent night club fatalities involving fire and crowd panic.

10      On consecutive nights in February, 2005 I received complaints that the Rose Supper Club was overcrowded. Upon investigation I found the Rose Supper Club to be seriously in excess of its capacity. The problem was such that on February 16, 2005 Mayor Bobby Bright wrote a letter to the Rose Supper Club about the overcrowding that occurred on February 13, 2005 and February 14, 2005. He threatened the club with withdrawing its business license if it continued to be over capacity.

11.      On April 8, 2005 I found the Diamonds Club to be over capacity by some 117 patrons.

12.      In both of these instances the owners/managers of the clubs appeared in municipal court and pled guilty to violating the City's fire code. They were fined.

4

13.    At almost 11:00 p.m. on November 24, 2005 I received a complaint on my administrative line stating that the Diamonds Club was overcrowded. I then received a second complaint call concerning overcrowding. The complainant identified herself as Tacorney Arrington.

14.    I responded to the complaint calls at the Diamonds before midnight on November 24, 2005. Two City of Montgomery police units were present as well. After an initial walk-through of the Diamonds Club it was my opinion that the club was seriously over capacity. I instructed the manager who I learned was Plaintiff Timothy Crenshaw to turn the lights on, turn the music off and instruct all patrons to exit the front door. The other exits were secured by assisting police officers. Using a mechanical counter I counted each patron as they exited. The total number of people who exited was 463. That number was 164 more than the maximum of 299 patrons allowed by the fire marshal's office for that facility. The Diamonds Club was approximately 54 percent over the maximum capacity allowed by the fire marshal's office. In my view, the management of the Diamonds Club had disregarded the situation so as to increase the risk of death or serious bodily harm to the patrons as well as created a fire hazard.

15.    At approximately 12:30 a.m. on November 25, 2005 I received word of a 911 call complaining that the Rose Supper Club was over capacity. I contacted communications and stated that I was leaving the Diamonds Club which I had closed down due to it being 164 people over capacity.

16.    I then proceeded to inspect another club that appeared from the number of cars in the parking lot and roadside outside of it to be overcrowded. In the interim, at 1:00 a.m. on November 25, 2005, there was a 911 call advising that people from the Rose Supper Club had parked their cars everywhere in the neighborhood even in people's driveways. The call complained of a fire hazard.

5

I identified the complainant concerning overcrowding at the Rose Supper Club as Keysha Martin.

17.    When I arrived at the Rose Supper Club I noticed a number of cars parked blocking the roadway. Shortly after entering the club I observed an individual with a mechanical counter keeping a digital number of occupants on it. I was then greeted by a manager who was identified as Plaintiff Kendrick Dortch. I was accompanied by Mr. Dortch as the two of us moved through the club twice and found that it was obviously over capacity. I instructed management to turn the music off and the lights on. I then had management instruct patrons to exit through the front door. I used a mechanical counter to count the patrons as they left. I counted 508 patrons which is 208 over the maximum capacity of 300 allowed by the fire marshal's office for the Rose Supper Club. In my view the overcrowding created a significant risk to the health and safety of the patrons and was a fire hazard. It was apparent to me that the Plaintiff Kendrick Dortch had allowed the overcrowding to occur.

18    Following the procedure I had followed in the past, I went to the City of Montgomery magistrate's office on the same date that the closures took place. I filled out appropriate documentation and followed the guidelines of the Montgomery Fire Department as it pertains to club closures. I did not arrest or handcuff any individual at either the Diamonds Club or the Rose Supper Club.

19    The initial charge authorized by the magistrate was overcrowding. As stated earlier, that is a non-traffic offense punishable by a fine. Shortly after instituting the charge of overcrowding, I was advised by City of Montgomery municipal court administrator Patrick Murphy that the NFPA code being used by the City had not been approved by City counsel to include a fine or punishment for the offense. Because it was my view that the actions of Plaintiffs Dortch and

6

Crenshaw had created a substantial risk of serious bodily harm to the patrons due to overcrowding, I suggested a charge of reckless endangerment. It is my view that a criminal defendant can be guilty of that crime even where there was no injury caused. In the dangerous situations that I found on the night in question there is a necessity for preventative measures. In my mind, the management and the individual Plaintiffs disregarded the increased risk of death and serious bodily harm to the patrons of their respective establishments. It was my objective belief that their actions violated §13A-6-24 of the Alabama Code which states that "a person commits a crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

20.    The magistrate authorized the charge of reckless endangerment. Lawful warrants were issued by the magistrate for the arrest of Crenshaw and Dortch.

21    At all times I based my decision on objective reasonableness  I certainly had no inkling or fair warning that to charge the Plaintiffs or their establishments with the crime of reckless endangerment violated any constitutional rights. Objectively, it was my opinion that Dortch and Timothy Crenshaw violated clearly established law  Certainly my actions were not knowing or malicious

22.    On April 4, 2006 the Plaintiffs Timothy Crenshaw and Kendrick Dortch were tried in the City of Montgomery Municipal Court. Testimony was presented on both sides. Both individuals were found guilty of reckless endangerment

23.    Nonetheless, both individuals appealed to circuit court. The respective circuit judges who heard their cases dismissed the charge of reckless endangerment against them. That action resulted in this lawsuit.

7

24.    I have read the above and foregoing affidavit consisting of eight pages and certify that the facts and opinions contained therein are true and correct based on my personal knowledge.

Further affiant saith not:

*G.C. Cremeens*

G.C. Cremeens

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY   )

Sworn to and subscribed to before me this the __4th__ day of August, 2008

*Donna F. DeShields*

NOTARY PUBLIC
My Commission Expires: __9/13/11__

8

# EXHIBIT 3
# AFFIDAVIT OF PATRICK MURPHY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK DORTCH and )
  RICHARD THOMAS, as owner of )
the ROSE SUPPER CLUB, )
  )
    Plaintiffs, )
  )
v. )  CASE NO.  2:07cv1034-MEF
  )
  )
CITY OF MONTGOMERY and )
  L.C. CREMEENS, )
  )
    Defendants. )


TIMOTHY CRENSHAW )
  and KENT CRENSHAW, as owner of )
the DIAMONDS CLUB )
  )
    Plaintiffs, )
  )
v. )  CASE NO.  2:07cv1035-MEF
  )
  )
CITY OF MONTGOMERY and )
  L.C. CREMEENS, )
  )
    Defendants. )

## AFFIDAVIT OF PATRICK MURPHY

STATE OF ALABAMA         )

COUNTY OF MONTGOMERY    )

Before me, the undersigned authority, personally appeared Patrick Murphy, who

is known to me and who, being first duly sworn, deposed on oath, and says as follows:

1

rise to probable cause for the charge changed or did not exist but rather that the charging instrument must be corrected prior to prosecution of the case.

5.    I have also attached to my affidavit as *Exhibit C* certified copies of the court file for *Municipality of Montgomery v. Andre Dwight Hathcock,* Uniform Nontraffic Citation and Complaint No. 20580 and as *Exhibit D* certified copies of the court file for *Municipality of Montgomery v. Richie David Thomas,* Uniform Nontraffic Citation and Complaint No. 20581 and as *Exhibit E* certified copies of the court file for *Municipality of Montgomery v. Kent Harold Crenshaw,* Uniform Nontraffic Citation and Complaint No. B20584.

6.    In exercising my judgment and discretion, I determined the ordinance adopting the National Fire Protection Association codes and standards (NFPA), Ord. No. 52-2006, did not include a provision putting a person on notice that violating the NFPA was unlawful, or a violation, or prohibited.  For example, the city adopted, with some exclusions, the International Building Code, 2003 edition, codified at §5-71, Montgomery Code, and provided notice that it is "unlawful to construct, erect, alter, improve or maintain any building to a standard lower or lesser than that established by the Code hereby adopted." §5-74, Montgomery Code.

There was no comparable notice or language in the city's adoption of the NFPA, now codified at §13-111, Montgomery Code.  The ordinance merely adopted, with some exclusions, "prescribing regulations" in the NFPA.  My concern was failing to meet the standard was not prohibited, declared an offense, or declared unlawful.  My review of §1-6 Montgomery City Code 1980, under which the city was operating when the nightclub overcrowding complaints arose, lead me to the conclusion that the NFPA could not have

3

been used to criminally prosecute a person for not meeting the standards within. The re-codified Montgomery Code, at §1-6(a)(2), may abate the former infirmity by stating "Failure to perform an act that is required to be performed by ordinance or by rule or regulation authorized by ordinance," but I would have to re-examine the particular section of the NFPA that Cremeens wanted to use to prosecute the overcrowding conduct in 2005. I recall reading the particular NFPA section in late 2005, or early 2006, and was resigned to the fact that reading the ordinance in conjunction with the specific NFPA section failed to notify a person of ordinary intelligence that their contemplated conduct was unlawful.

In its simplest terms, the ordinance merely adopted the regulations, and the regulations stated a fire official could establish occupancy standards. There was nothing in the NFPA that Cremeens offered stating that a person committed a violation, or it was unlawful, or prohibited, if they exceeded the occupancy standards.

I have read the above and foregoing affidavit consisting in total of four (4) pages and state that it is true and correct to my personal knowledge and information.

Patrick Murphy, Court Administrator

**SWORN to and SUBSCRIBED before me this the** 5TH **day of September,** **2008.**

Notary Public
My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 18, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

4

**EXHIBIT**

tabbies®

A

| State of Alabama<br>City of Montgomery<br>Form MMC-1010    Rev. 10/03 | **COURT RECORD**<br>**CASE ACTION SUMMARY** | Case Number<br>**2006CRS500065**<br>PAGE 1 OF 4 |
|---|---|---|

IN THE MUNICIPAL COURT OF _____ **MONTGOMERY** _____ , ALABAMA
*(Name of Municipality)*

MUNICIPALITY OF ____ **MONTGOMERY** ____ v. ____ **KENDRICK LAMON DORTCH** ____
Defendant

### DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number<br>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 | Date of Birth<br>01/11/1974 | Home Address<br>2778 CUMBERLAND BLVD *#228* | | |
|---|---|---|---|---|
| Race<br>B | Sex<br>M | City<br>SMYRNA | State<br>GA | Zip Code<br>30080 |
| Height | Weight | Home Telephone Number | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| Driver License State<br>GA | Driver License Number<br>056235174 | City | State | Zip Code |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge: **(06E(14))  RECKLESS ENDANGERMENT**

Complainant - Victim / Arresting Officer: **G C CREMEENS**

Bondsman / Surety: _____     Bond Amount:  0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 11/25/2005 | | | | 02/16/2006 | 3-21-06 |

**PROSECUTOR NAME:**          **DEFENSE COUNSEL NAME:**

ARRAIGNMENT: _____     ARRAIGNMENT: _____

TRIAL: _____     TRIAL: ____ City  Bell ____

PLEA OF DEFENDANT: ☐ GUILTY AS CHARGED  ☒ NOT GUILTY  ☐ GUILTY OF:

### ADJUDICATION

☒ GUILTY AS CHARGED   ☐ NOT GUILTY   ☐ NOL-PROSSED   ☐ DISMISSED

☐ GUILTY OF: _____

4-11-06
DATE          JUDGE, CITY OF MONTGOMERY

### ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO ____ 75 ____ DAYS IN JAIL, SUSPEND ____ 75 ____ DAYS

FINE: $ 500    COURT COST: $ 191

TOTAL FINE, COST & FEES: $ 699.00

SUBPOENA
WARRANT

PAYMENT DUE DATE: 12-18-07 / 7-11-06

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT FILE IN THE MONTGOMERY MUNICIPAL COURT
PATRICK J. MURPHY
CLERK OF THE MONTGOMERY MUNICIPAL COURT

STATE OF ALABAMA
COUNTY OF MONTGOMERY

## GENERAL RELEASE

     For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ KENDRICK LAMON DORTCH _____ , in Case Number _____ 2006CRS500065 _____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____ 2006CRS500065 _____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

     The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

     The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

_**I am signing this Release freely and voluntarily and intend to be bound by it.**_

Executed, this the _____ day of _____ , _____ .

_____
(Name of the Accused)

_____
(Witness)

_____
(Witness)

| State of Alabama City of Montgomery | CASE ACTION SUMMARY (CONTINUATION) SENTENCING ORDER | Case Number |
|---|---|---|
| Form MMC-1010    Rev. 10/03 | | 2006CRS500065 |
| | | PAGE 3 OF 4 |

Offense / Charge: RECKLESS ENDANGERMENT

Defendant Name: **KENDRICK LAMON DORTCH**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| | | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program    ☐ E.V.E.N. PROGRAM |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | The Defendant shall enroll, participate and complete the Court Referral Program. |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | Defendant is prohibited from entering the premises of _____ _____ for a period of _____ |
| | | The Defendant shall complete _____ hours of community service at _____ |
| | | The Defendant shall participate in the Victim-Offender Conferencing Program (Criminal Mediation), and report to court for review on: |
| 3-14-06 | | Reset to 4-4-06 @ 9:00Am per Judge Hayes, |
| 7-7-06 | | CHARGE DISMISSED ON APPEAL. ORDER ATTACHED. PJM |
| | | |
| | | |
| | | |

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE 12-18-07

State of Alabama
City of Montgomery

# CASE ACTION SUMMARY (CONTINUATION)
## SENTENCING ORDER & PAYMENT SHEET

Case Number

**2006CRS500065**

PAGE 4 OF 4

Form MMC-1010        Rev. 10/03

| 1 → | 2 | 3 | 4 |
|---|---|---|---|
| | | | |

| 5 → | 6 | 7 | 8 |
|---|---|---|---|
| | | | |

| 9 → | 10 | 11 | 12 |
|---|---|---|---|
| | | | |

## PAYMENTS

# CASE ACTION SUMMARY SUPPLEMENT SHEET

| Defendant: | | | Docket No.: | |
|---|---|---|---|---|
| Date | | | Actions, Judgements, Case Notes | |

Dortch case

Rose Supper Club

D said he was man—told Cremeens
instructed to turn off lights & leave

- all patrons out front exit
- 508 patrons, 158 over max of 350

D renews Mot to Dismiss

testimony from owner Mr Thomas

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

Patrick Murphy Jr

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE 12-18-07

State of Alabama
Unified Judicial System

Form C-64(a)(front)  Rev. 11/92

**DEPOSITION**

Warrant Number
2006S 0037

Case Number
0000S

IN THE  **MUNICIPAL**  COURT OF  **MONTGOMERY,**  **ALABAMA**
(Circuit, District or Municipal)     (Name of Municipality or County)

☐ STATE OF ALABAMA     ☒ MUNICIPALITY OF **MONTGOMERY**

v. _Kendrick Lamon Dortch / Rose Supper Club_ , Defendant

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias)  _Kendrick Lamon Dortch_          Telephone Number

Social Security Number  _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_   Driver's License Number _050235174 Ga_   Date of Birth _01-11-74_   Age _31_   Race _Blk_   Sex _M_

Height _5'04"_   Weight _155_   Hair _Blk_   Eyes _Brn_   Complexion

Address of Accused  _2778 Cumberland Blvd_   City _Smyrna_   State _Ga_   Zip _30080_

Name of Employer  _The Rose Supper Club_          Employer's Telephone Number

Address of Employer _654 High St._   City _Montgomery_   State _Al_   Zip

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense: _Reckless Endangerment_

Date and Time of Offense: _11-25-05    0210AM_

Place of Occurrence: _The Rose Supper Club_

Person Attacked or Property Damaged: _____

How Attacked: _____

Did Accused Possess or Use a Weapon?  ☐ Yes   ☒ No   Type: _____

Damage Done or Injuries Received: _____

Value of Property: _____

Details of Offense: _On 11-25-05 I responded to a complaint by Kesha Martin that the Rose Super Club was over crowded. Shortly after entering the Club I observed an individual with a mechanical counter keeping the total number of occupants on it. I was then greeted by the manager who according to his Alabama Drivers License was Kendrich Lamon Dortch. I was accompanied by management as I moved through the club twice and found that it was obviously over capacity. I then instructed management to turn the music off and raise the lights on. I then had management instruct the ~~Pat~~ patrons to exit through the front door. I used a mechanical counter to count the patrones as they left. I counted 500 patrons which is 158 over the maximum allowed by the Fire Marshall's office. This over crowd ing created a scenario ___ ___ know. The over crowding was allowed by the defendant / ___ _

_Patrick Murphy_

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE _12 7 07_

Form C-64 (a) (back)    Rev. 11/92                                    DEPOSITION

Any Law Enforcement Agency Contacted? ☐ Yes    ☐ No
If yes, which one? _____

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ABOUT YOURSELF

| Name of Complainant G. C. Cremeens | | | | Telephone Number |
| Social Security Number | Driver's License Number | Date of Birth | Age | Race | Sex |
| Home Address | | City | | State | Zip |
| Name of Employer Montgomery Fire Dept. | | | Employer's Telephone Number | |
| Address of Employer | City | | State | Zip |

I make this statement for the purpose of securing a **WARRANT/SUMMONS** against the named accused.  I understand that I am instituting a criminal proceeding and cannot dismiss this case.  I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

G. C. Cremeens
_____
Complainant

Sworn to and Subscribed before me this

_26 TH_____ day of

_JANUARY_____ 2006____

_____
Judge/Clerk/Magistrate

## WITNESSES

| Name | Address | Telephone Number |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## MAGISTRATE NOTES

Warrant or Summons Issued?    ☐ Yes    ☐ No         Warrant Number: _____

_____
_____
_____

State of Alabama
Unified Judicial System

Form CR-6          Rev. 8/98

# COMPLAINT

(Felonies, Misdemeanors, or Violations -
District or Municipal Court)

Case Number
2006S00037

IN THE ___ **MUNICIPAL** ___ COURT OF ___ **MONTGOMERY** ___ , ALABAMA
(Circuit, District, or Municipal)                    (Name of Municipality or County)

[ ] STATE OF ALABAMA

[X] MUNICIPALITY OF MONTGOMERY v.         **KENDRICK LAMON DORTCH  (000101700A)**
Defendant (NWS Jacket Number)

---

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe that      **KENDRICK LAMON DORTCH**

Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about

___ 11/25/2005 ___     (date of occurrence) commit the offense of      **RECKLESS ENDANGERMENT**

within the

[ ] County of ___

[X] City/Town of    **MONTGOMERY**    or in the police jurisdiction thereof, in that he/she did: (State specific facts here. Continue on a separate sheet of paper if needed.)     recklessly engage in conduct by, to wit:  Kendrick Lamon Dortch was the manager of Rose Supper

Club on 11/25/2005 at 2:10 a.m. when a report of overcrowding was dispatched to the Montgomery Fire Department.  Lieutenant Gary

Cremeens reported to the Rose Supper Club and observed and counted 508 patrons and employees in the business, which is 158 persons

over the capacity load as established and posted by the Montgomery Fire Department.  Kendrick Lamon Dorth permitted, allowed and

sanctioned a dangerous level of overcrowding

which created a substantial risk of serious physical injury to, to wit:     The employees and patrons of the Rose Supper Club, in the event of

a panic, fight, stampede, fire alarm or actual fire, inasmuch as the egress of the employees and patrons—some of whom were under the

influence of alcohol—was significantly and substantially impeded by virtue of the overcrowding.

in violation of

[ ] Section ___ , Alabama Code 1975.

[X] Municipal Ordinance Number ___ 125-79 ___ which embraces Section ___ 13A-6-24 ___ Alabama Code 1975, previously adopted, effective and in force at the time the offense was committed.

[ ] Other ___

Sworn to and Subscribed before me this ___ 26TH ___

___ JANUARY ___ , ___ 2006 ___
day of

___ Patrick J Murphy (signature) ___
Judge/Magistrate/Warrant Clerk

___ H. C. Cremeens (signature) ___
Complainant

___ Montgomery Fire Dept ___
Address

___ 241-2020 ___
Telephone Number

---

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

___ Patrick Murphy (signature) ___
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE ___ 12-18-07 ___

Additional Witnesses on Reverse Side.

Unified Judicial System

## SUMMONS TO APPEAR

2006S00037

Form MC-11D  Rev. 9/98

Case Number

STATE OF ALABAMA

IN THE MUNICIPAL COURT OF

MONTGOMERY          COUNTY        MONTGOMERY

MUNICIPALITY OF   MONTGOMERY        v.   KENDRICK LAMON DORTCH

Defendant

### IDENTIFICATION OF DEFENDANT

Name   KENDRICK LAMON DORTCH        Date of Birth   01/11/1974    Age _____    Phone   334/272/9933

Address   6061 MONTICELLO DR APT 3    City   MONTGOMERY    State   AL    Zip   36117

Race   B      Sex   M      Height   504    Weight   155    Hair   Black    Eyes   Brown

Social Security Number    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

Employed by    ,

Driver's License Number & Issuance State    056235174 -  GA

Other _____

[X] Probable Cause has been found on Complaint filed against you in this Court, charging you with committing the

offense of:   RECKLESS ENDANGERMENT

within the above-named municipality, or police jurisdiction thereof, in violation of Ordinance Number/Section,

125-79          , which embraces Section   13A-6-24          , Code of Alabama 1975

YOU ARE, THEREFORE, ORDERED TO APPEAR IN PERSON BEFORE THIS COURT AS FOLLOWS: (To answer the charge)

PLACE:   320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722  (334) 241-2776

DATE: _____        TIME: _____

YOU ARE ALSO ORDERED TO APPEAR AS FOLLOWS AND BRING THIS SUMMONS WITH YOU:

OFFICE:   MONTGOMERY POLICE DEPARTMENT

LOCATED AT:   320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722 (334) 241-2708

DATE:  THU - FEB 16 , 2006        TIME:  9:00 A.M.

FOR THE PURPOSE(S)  [ ] Photographing    [ ] Fingerprinting

IF YOU FAIL TO APPEAR AS HEREIN ORDERED, or if there appears to be reasonable cause to believe that you will fail to appear, an Arrest Warrant shall be issued for your arrest. Your appearance or failure to appear may be taken into consideration by the court in any consideration of conditions of release (bail), probation, or suspension of sentence in your case.

Thursday, January 26, 2006 at 12:10 PM

Date & Time

Judge/Court Clerk/Magistrate

Rule 3.1, ARCrP

### RETURN ON SERVICE

[ ] Return receipt of certified mail served _____ and

received in this office on _____ , (Attached copy of return receipt) certified mail number _____

[✓] I certify that I personally delivered a copy of this Summons to Appear

on   1-27-06

Date:   1-27-06      By: _____    Title: _____

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE   12-18-07

COURT RECORD: (Original – Blue)      DEFENDANT: (Copy – Yellow)

EXHIBIT

B

State of )
City of Montgomery )

Form MMC-1010     Rev. 10/03

# COURT RECORD
# CASE ACTION SUMMARY

Case Number
**2006CRS500066**

PAGE 1 OF 4

IN THE MUNICIPAL COURT OF _____ MONTGOMERY _____ , ALABAMA
(Name of Municipality)

MUNICIPALITY OF   **MONTGOMERY**   v.   **TIMOTHY ROBERT CRENSHAW**
Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number | Date of Birth | Home Address | | |
|---|---|---|---|---|
| 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 | 03/28/1964 | 5941 PORTSMOUTH DR | | |
| Race | Sex | City | State | Zip Code |
| B | M | MONTGOMERY | AL | 36116 |
| Height | Weight | Home Telephone Number | | |
| | | | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| | | | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| | 4822608 | | | |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

---

Offense / Charge:   **(06E(14))  RECKLESS ENDANGERMENT**

Complainant - Victim / Arresting Officer:   **G C CREMEENS**

Bondsman / Surety: _____     Bond Amount:   0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 11/24/2005 | | | | 02/16/2006 | 3-24-06 9:00 |

---

PROSECUTOR NAME: _____     DEFENSE COUNSEL NAME: _____

ARRAIGNMENT: _____     ARRAIGNMENT: _____

TRIAL: _____     TRIAL: _____

PLEA OF DEFENDANT:  ☐ GUILTY AS CHARGED   ☒ NOT GUILTY   ☐ GUILTY OF:

## ADJUDICATION

☒ GUILTY AS CHARGED   ☐ NOT GUILTY   ☐ NOL-PROSSED   ☐ DISMISSED

☐ GUILTY OF: _____

4-11-06
DATE          JUDGE, CITY OF MONTGOMERY

---

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO  _75_  DAYS IN JAIL, SUSPEND  _75_  DAYS.

FINE:  $ _500_     COURT COST:  $ _191_     $ _8_

TOTAL FINE, COST & FEES:  $ _699.00_

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

_____ Murphy _____
PATRICIA A. MAIPAS
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

PAYMENT 2-18-07
DUE DATE: 4-11-06

STATE OF ALABAMA
COUNTY OF MONTGOMERY

PAGE 2 OF 4

### GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____TIMOTHY ROBERT CRENSHAW_____ , in Case Number _____2006CRS500066_____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____2006CRS500066_____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

_I am signing this Release freely and voluntarily and intend to be bound by it._

Executed, this the _____ day of _____ , _____

_____
*(Name of the Accused)*

_____
*(Witness)*

_____
*(Witness)*

| State of Alabama<br>City of Montgomery<br>Form MMC-1010        Rev. 10/03 | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number<br>**2006CRS500066**<br>PAGE 3 OF 4 |
|---|---|---|

Offense / Charge:  RECKLESS ENDANGERMENT
Defendant Name:  **TIMOTHY ROBERT CRENSHAW**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| _____ | _____ | The Defendant shall enroll, participate and complete the: |
| _____ | _____ | ☐ Anger Management Program      ☐ E.V.E.N. PROGRAM |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | The Defendant shall enroll, participate and complete the Court Referral Program. |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | Defendant is prohibited from entering the premises of _____ |
| _____ | _____ | _____ for a period of _____ |
| _____ | _____ | The Defendant shall complete _____ hours of community service at |
| _____ | _____ | _____ |
| _____ | _____ | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |
| 3-14-06 | | Reset to 4-4-06 9:00am SAP per Judge Hayes. |
| 7-7-06 | | CHARGE DISMISSED ON APPEAL. ORDER ATTACHED. PJM |
| _____ | _____ | |
| _____ | _____ | |
| _____ | _____ | |
| _____ | _____ | |
| _____ | _____ | I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT |
| _____ | _____ | PATRICK J. MURPHY<br>CLERK OF THE<br>MONTGOMERY MUNICIPAL COURT<br>DATE 12-14-07 |

State of Alabama
City of Montgomery

Form MMC-1010      Rev. 10/03

**CASE ACTION SUMMARY (CONTINUATION)
SENTENCING ORDER & PAYMENT SHEET**

Case Number

**2006CRS500066**

PAGE 4 OF 4

| 1 → | 2 | 3 | 4 |
|---|---|---|---|
| 5 → | 6 | 7 | 8 |
| 9 → | 10 | 11 | 12 |

PAYMENTS

# CASE ACTION SUMMARY SUPPLEMENT SHEET

| Defendant: | | Docket No.: | |
|---|---|---|---|
| Date | | Actions, Judgements, Case Notes | |

4-4-06

Timothy Robt Crenshaw

- Diamonds Night Club

- 463 patrons - occ limit = 299, so 164 over capacity

- Crenshaw said he (was mgt) (Crenshaw)

- saw person w/ a counter at front door but didn't think it was accurate

D

Officer didn't see D counting but officer maintains D repeated himself as mgt of club.

① Kent H Crenshaw - brother of D

- owns Diamond's

- say he is mgr.

- says rented club out

- says D not in charge of door

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

Patrick Murphy III
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT
DATE 12-18-07

State of Alabama
Unified Judicial System

Form C-64(a)(front) Rev. 11/92

**DEPOSITION**

Warrant Number

Case Number

IN THE **MUNICIPAL** COURT OF **MONTGOMERY,** ALABAMA

(Circuit, District or Municipal)          (Name of Municipality or County)

☐ STATE OF ALABAMA          ☒ MUNICIPALITY OF **MONTGOMERY**

v. _Timothy Robert Crenshaw / Diamonds_ , Defendant

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias)
_Timothy Robert Crenshaw_

Telephone Number

| Social Security Number | Driver's License Number | Date of Birth 03-28-64 | Age 4 | Race Blk | Sex M |
|---|---|---|---|---|---|

| Height 6'06" | Weight 230 | Hair Blk | Eyes Brn | Complexion Dark |
|---|---|---|---|---|

Address of Accused _5941 Poets mouth Dr._   City _Montgomery_   State _AL_   Zip _36116_

Name of Employer                          Employer's Telephone Number

Address of Employer _5050 Narrow ln Rd_   City _Montgomery_   State _AL_   Zip

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense: _Reckless Endangerment_

Date and Time of Offense: _11-24-05   11:55 PM_

Place of Occurrence: _5050 Narrow ln Rd._

Person Attacked or Property Damaged: _____

How Attacked: _____

Did Accused Possess or Use a Weapon?   ☐ Yes   ☒ No   Type: _____

Damage Done or Injuries Received: _____

Value of Property: _____

Details of Offense: _I responded to a complaint call from Tac. away Avenue that Diamonds Night Club was overcrowded. I responded on Nov 24, 2005 at approximately 1055 PM. I entered the club and saw an employee using a mechanical counter to keep up with the number of patrons in the club. A person who represented himself as the manager approached me as I did my visual count. I informed the manager that I felt the club was overcrowded and instructed him to turn the lights on and music off. I told him to instruct the patrons to exit thru the front door. I used a mechanical counter to count the patrons and my total was 2143 which is well over from the maximum allowed by the fire Marshall's office. The owner was not in the club. He was in the club and identified as Timothy Robert Crenshaw the his club was overcrowded. That over capacity of a substantial amount serious bodily harm. This was a [illegible]_

I HEREBY CERTIFY THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT

_Patrick Murphy_
PATRICK MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT

DATE _12-18-07_

Form C-64 (a) (back)    Rev. 11/92                    DEPOSITION

Any Law Enforcement Agency Contacted?  ☐ Yes  ☐ No
If yes, which one? _____

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ABOUT YOURSELF

| Name of Complainant  G. C. Cremeons | | | | Telephone Number  241-2020 |
|---|---|---|---|---|

| Social Security Number | Driver's License Number | Date of Birth | Age | Race | Sex |
|---|---|---|---|---|---|

| Home Address | | City | | State | Zip |
|---|---|---|---|---|---|

| Name of Employer  Montgomery Fire Dept | Employer's Telephone Number  241-2020 |
|---|---|

| Address of Employer  P.O. Box 1111 | City  Montgomery | State  AL | Zip  36101-1111 |
|---|---|---|---|

I make this statement for the purpose of securing a **WARRANT/SUMMONS** against the named accused. I understand that I am instituting a criminal proceeding and cannot dismiss this case. I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

_A. C. Cremeons_
Complainant

Sworn to and Subscribed before me this

_26th_ day of
_JANUARY_, _2006_

_Patricia N. Gunn_
Judge/Clerk/Magistrate

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|

## MAGISTRATE NOTES

Warrant or Summons Issued?  ☐ Yes  ☐ No    Warrant Number: _____

| State of Alabama | COMPLAINT | 2006S00038 |
|---|---|---|
| Unified Judicial System | (Felonies, Misdemeanors, or Violations - | Case Number |
| Form CR-6    Rev. 8/98 | District or Municipal Court) | |

IN THE ___MUNICIPAL___ COURT OF ___MONTGOMERY___, ALABAMA
(Circuit, District, or Municipal)    (Name of Municipality or County)

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF MONTGOMERY v. ___TIMOTHY ROBERT CRENSHAW (000171717A)___
Defendant (NWS Jacket Number)

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe that ___TIMOTHY ROBERT CRENSHAW___ Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about ___11/24/2005___ (date of occurrence) commit the offense of ___RECKLESS ENDANGERMENT___ within the

☐ County of ¹ _____

☒ City/Town of ___MONTGOMERY___ or in the police jurisdiction thereof, in that he/she did: (State specific facts here. Continue on a separate sheet of paper if needed.) recklessly engage in conduct by, to wit: Timothy Robert Crenshaw was the owner of Diamonds Night Club on 11/24/2006 at 11:55 p.m. when a report of overcrowding was dispatched to the Montgomery Fire Department. Lieutenant Gary Cremeens reported to Diamonds Night Club and observed and counted 463 patrons and employees in the business, which is 164 persons over the capacity load as established and posted by the Montgomery Fire Department. Timothy Robert Crenshaw permitted, allowed and sanctioned a dangerous level of overcrowding

which created a substantial risk of serious physical injury to, to wit: The employees and patrons of the Diamonds Night Club, in the event of a panic, fight, stampede, fire alarm or actual fire, inasmuch as the egress of the employees and patrons—some of whom were under the influence of alcohol—was significantly and substantially impeded by virtue of the overcrowding.

in violation of
☐ Section _____, Alabama Code 1975.
☒ Municipal Ordinance Number ___125-79___ which embraces Section ___13A-6-24___ Alabama Code 1975, previously adopted, effective and in force at the time the offense was committed.
☐ Other

Sworn to and Subscribed before me this ___26TH___ day of ___JANUARY___ ___2006___

_Patricia D. ___

Judge/Magistrate/Warrant Clerk

Complainant _A.C. Cremeens_
Address _Montgomery Fire Dept_
Telephone Number

WITNESSES

| Name | Address |
|---|---|
| | |

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE IN THE MONTGOMERY MUNICIPAL COURT
PATRICK J. MURPHY
CLERK OF THE MONTGOMERY MUNICIPAL COURT
DATE _12-18-07_

Additional Witnesses on Reverse Side.

State of Alabama
Unified Judicial System

Form MC-11D  Rev. 9/98

# SUMMONS TO APPEAR

Case Number
2006S00038

STATE OF ALABAMA
MONTGOMERY                    COUNTY
MUNICIPALITY OF    MONTGOMERY

IN THE MUNICIPAL COURT OF
MONTGOMERY
v.    TIMOTHY ROBERT CRENSHAW
                              Defendant

## IDENTIFICATION OF DEFENDANT

Name  TIMOTHY ROBERT CRENSHAW         Date of Birth   03/28/1964      Age _____   Phone   334/356/5448

Address  5941 PORTSMOUTH DR           City   MONTGOMERY      State   AL      Zip   36116

Race   B        Sex   M        Height   606     Weight   230     Hair   Black     Eyes   Brown

Social Security Number     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

Employed by _____

Driver's License Number & Issuance State    4822608 -

Other _____

[X] Probable Cause has been found on Complaint filed against you in this Court, charging you with committing the

offense of:   **RECKLESS ENDANGERMENT**

within the above-named municipality, or police jurisdiction thereof, in violation of Ordinance Number/Section,

125-79 _____ , which embraces Section   13A-6-24 _____ , Code of Alabama 1975

**YOU ARE, THEREFORE, ORDERED TO APPEAR IN PERSON BEFORE THIS COURT AS FOLLOWS:** (To answer the charge)

PLACE:  320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722  (334) 241-2776
DATE: _____         TIME: _____

**YOU ARE ALSO ORDERED TO APPEAR AS FOLLOWS AND BRING THIS SUMMONS WITH YOU:**

OFFICE:  MONTGOMERY POLICE DEPARTMENT
LOCATED AT:   320 NORTH RIPLEY STREET, MONTGOMERY AL 36104-2722 (334) 241-2708
DATE: _____         TIME:  3:00 __
FOR THE PURPOSE(S) [ ] Photographing       [ ] Fingerprinting
**IF YOU FAIL TO APPEAR AS HEREIN ORDERED,** or if there appears to be reasonable cause to believe that you will fail
to appear, **an Arrest Warrant shall be issued** for your arrest. Your appearance or failure to appear may be taken into
consideration by the court in any consideration of conditions of release (bail), probation, or suspension of sentence in your case.

Thursday, January 26. 2006 at 12:25 PM
Date & Time

Rule 3.1, ARCrP

_____
Judge/Court Clerk/Magistrate

## RETURN ON SERVICE

[ ] Return receipt of certified mail served                                                           and
received in this office on _____ , (Attached copy of return receipt) certified mail number _____

[X] I certify that I personally delivered a copy of this Summons to Appear
on _____
Date:   1-27-06   By: _____   Title: _____

COURT RECORD: (Original – Blue)        DEFENDANT: (Copy – Yellow)

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT
FILE IN THE MONTGOMERY MUNICIPAL COURT

Patrick Murphy
PATRICK J. MURPHY
CLERK OF THE
MONTGOMERY MUNICIPAL COURT
DATE  12-18-07

**EXHIBIT**

C

B 20580 500059

<table>
<tr><td colspan="2">State of Alabama<br>Unified Judicial System<br><br>ARJA-20        Rev. 10/00</td><td colspan="2"><b>UNIFORM NONTRAFFIC CITATION<br>AND COMPLAINT</b><br>(For Scheduled Nontraffic Violations or Misdemeanors)</td><td colspan="2">Case Number<br><br>Rose Supper Club</td></tr>
</table>

IN THE **Municipal** COURT OF **Montgomery**, ALABAMA | Law-Enforcement Agency/Organization or Department **Montgomery Fire Dept.**

The undersigned complainant, being duly sworn, deposes and says that the person herein named committed the offense hereinafter set forth in that on or about:

| Month | Day | Year | At Approx. | Time | ☑ AM  ☐ PM  ☐ MT |
|-------|-----|------|-----------|------|-------------------|
| 012   | 13  | 05   |           | 1:30 |                   |

First **Andre** | Middle/Maiden **Dwight** | Last **Hathcock**

Street **2531 Elsmeade Dr.**

City **Montgomery** | State **Al.** | Zip **36116**

| Driver's License Number **5565302** | State **AL** | Expiration Date | | | Birth Date | | |
|---|---|---|---|---|---|---|---|
| | | Month **09** | Day **16** | Year **07** | Month **12** | Day **08** | Year **70** |

| Height **6'02"** | Weight **215** | Eyes **Bro** | Hair **Blk** | Social Security Number **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** | Sex **M** | Race **Blk** |

Name of Employer **Richie Thomas    399 2808-cell** | Address of Employer **Unknown**

Did violate: ☑ Ordinance Number **29-2000**, which incorporates or encompasses Section _____, *Code of Alabama* 1975, within the city limits or police jurisdiction of **Montgomery**, and/or ☐ Section _____, *Code of Alabama* 1975, or ☑ Rule/Regulation Number **NFPA 1 3-1.4.2**, within **Montgomery** County at or near the following location (describe) _____ more particularly described in the DESCRIPTION OF OFFENSE section below

**DESCRIPTION OF OFFENSE**

Offense or Short Description of Offense: **Overcrowding: Permitting admittance of persons beyond the approved occupant Load**

State Specific Facts Relating to Offense: **During an inspection, as a result of a complaint call, the above listed establishment, which has a maximum capacity of 300 occupants. I observed and counted 599 occupants, which is 299 over the maximum allowed by law. The manager was told to close the club and was cited for the offense.**

| Sworn to and acknowledged before me this date | Month **012** | Day **14** | Year **05** | Complainant's (Officer's) Signature  *O.C. Cremeens Lt. MFD* |
|---|---|---|---|---|
| Signature and Title of Judicial Officer  *V Glennan Sr Magistrate* | Officer I.D. **0953** | | AL | Agency O.R.I **0 0 3 1 5 0 0** |

**COURT APPEARANCE INFORMATION**    ☑ Court Appearance Required

By signing this citation, I am promising to appear in court on the date and at the time specified below. If a court appearance is not required, I may choose to plead guilty before a magistrate or by mail or in person, paying the required fine and court costs prior to my scheduled court date, in which event I do not have to appear in court. If I do not appear in court on the scheduled date and if I do not plead guilty and pay the required fine and costs prior to that date, I promise to pay an amount prescribed by law.

I also understand that failure to appear or to plead guilty and pay the fine and costs may result in a warrant being issued for my arrest on the present charge and I may also be charged with second-degree bail jumping.

| Court Appearance Date (if applicable) | | | | Court Address **320 N. Ripley St.** | Telephone Number |
|---|---|---|---|---|---|
| Month **012** | Day **21** | Year **05** | Time **8:30** ☑AM ☐PM | **Mont. Al 36104-2722** | **241-2776** |
| Defendant's Signature *A.D. Hathcock* | | | | | Telephone Number |

NOTICE: FAILURE TO APPEAR IN COURT AND/OR FAILURE TO REMIT FINE AND COSTS WILL RESULT IN AN ARREST WARRANT BEING ISSUED

| 1. White - Court | 2. Yellow - Law Enforcement | 3. Pink - Defendant |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

State of Alabama
City of Montgomery

Form MMC-1010    Rev. 10/03

# COURT RECORD
# CASE ACTION SUMMARY

Case Number

**2005CRS500059**

PAGE 1 OF 4

IN THE MUNICIPAL COURT OF _____ **MONTGOMERY** _____ , ALABAMA
*(Name of Municipality)*

MUNICIPALITY OF    **MONTGOMERY**    v.    **ANDRE DWIGHT HATHCOCK**

Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number | Date of Birth | Home Address | | |
|---|---|---|---|---|
| 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 | 12/08/1970 | 2531 ELSMEADE DR | | |
| Race | Sex | City | State | Zip Code |
| B | M | MONTGOMERY | AL | 36116 |
| Height | Weight | Home Telephone Number | | |
| 6'2" | 215 | | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| BRO | BLK | ROSE SUPPER CLUB, 954 HIGHLAND AVE | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| AL | 5565302 | MONTGOMERY | AL | 6104 |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:    **(29-2000)  EXCEEDING BUILDING OCCUPANT LOAD**

Complainant - Victim / Arresting Officer:    G.C. CREMENS

Bondsman / Surety: _____    Bond Amount:    0.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 02/13/2005 | | | | 02/21/2005 | |

PROSECUTOR NAME:    DEFENSE COUNSEL NAME:

ARRAIGNMENT: *Virginia Notaway*    ARRAIGNMENT: _____

TRIAL: _____    TRIAL: _____

PLEA OF DEFENDANT: [✓] GUILTY AS CHARGED    [ ] NOT GUILTY    [ ] GUILTY OF:

## ADJUDICATION

[✓] GUILTY AS CHARGED    [ ] NOT GUILTY    [ ] NOL-PROSSED    [ ] DISMISSED

[ ] GUILTY OF: _____

FEB 23 2005

DATE                    JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO _____ DAYS IN JAIL, SUSPEND _____ DAYS.

FINE: $ 5 0 0    COURT COST: $ 191    SUBPOENA / ALIAS WARRANT FEES: $ _____

TOTAL FINE, COST & FEES: $ 691.00    PAYMENT DUE DATE: 8/1/05

+22 = 713 + 217.00 = 92700

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE:

STATE OF ALABAMA
COUNTY OF MONTGOMERY

## GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ANDRE DWIGHT HATHCOCK_____ , in Case Number _____2005CRS500059_____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____2005CRS500059_____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

*I am signing this Release freely and voluntarily and intend to be bound by it.*

Executed, this the _____ day of _____ , _____ .

_____
*(Name of the Accused)*

_____
*(Witness)*

_____
*(Witness)*

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE:

| State of Alabama<br>City of Montgomery<br><br>Form MMC-1010    Rev. 10/03 | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number<br>**2005CRS500059**<br>PAGE 3 OF 4 |

Offense / Charge: EXCEEDING BUILDING OCCUPANT LOAD

Defendant Name: **ANDRE DWIGHT HATHCOCK**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| _____ | _____ | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program    ☐ E.V.E.N. PROGRAM |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | The Defendant shall enroll, participate and complete the Court Referral Program. |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| _____ | _____ | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| _____ | _____ | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama City of Montgomery | **CASE ACTION SUMMARY (CONTINUATION) SENTENCING ORDER & PAYMENT SHEET** | Case Number |
|---|---|---|
| Form MMC-1010        Rev. 10/03 | | **2005CRS500059** PAGE 4 OF 4 |

| 1 → | 2 | 3 | 4 |
|---|---|---|---|
| | | | |

| 5 → | 6 | 7 | 8 |
|---|---|---|---|
| | | | |

| 9 → | 10 | 11 | 12 |
|---|---|---|---|
| | | | |

PAYMENTS

DATE : 12/08/2005    TIME : 12:37:40
REV UTIN: PAYAINZ    RECPT#: 316663
2005CRS500059                    $27.08
MONTGOMERY MUNICIPAL COURT

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

EXHIBIT

tabbies®

D

State of Alabama
City of Montgomery

Form MMC-1010    Rev. 10/03

# COURT RECORD
# CASE ACTION SUMMARY

Case Number

**2005CRS500058**

PAGE 1 OF 4

IN THE MUNICIPAL COURT OF _____**MONTGOMERY**_____ , **ALABAMA**
(Name of Municipality)

MUNICIPALITY OF    **MONTGOMERY**    v. **RICHIE DAVID THOMAS**
Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number | Date of Birth | Home Address | | |
|---|---|---|---|---|
| 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 | 09/07/1970 | 6112 DUNWOODY CT | | |
| Race | Sex | City | State | Zip Code |
| B | M | MONTGOMERY | AL | 36117 |
| Height | Weight | Home Telephone Number | | |
| 6' | 205 | 334-399-2808 | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| BRO | BLK | ROSE SUPPER CLUB, 954 HIGHLAND AVE | | |
| Driver License State | Driver License Number | City | State | Zip Code |
| AL | 5477479 | MONTGOMERY | AL | 36104 |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:  **(29-2000)  EXCEEDING BUILDING OCCUPANT LOAD**

Complainant - Victim / Arresting Officer: _____**A.D. CAMPBELL**_____

Bondsman / Surety: _____    Bond Amount: ___0.00___

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 02/14/2005 | | | | 02/16/2005 | |

**PROSECUTOR NAME:**    **DEFENSE COUNSEL NAME:**

ARRAIGNMENT: _Virginia Hathaway_    ARRAIGNMENT: _____

TRIAL: _____    TRIAL: _____

PLEA OF DEFENDANT: [X] GUILTY AS CHARGED  [ ] NOT GUILTY  [ ] GUILTY OF:

## ADJUDICATION

[X] GUILTY AS CHARGED    [ ] NOT GUILTY    [ ] NOL-PROSSED    [ ] DISMISSED

[ ] GUILTY OF: _____

_2-16-05_    _____
DATE    JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO ___30___ DAYS IN JAIL, SUSPEND ___30___ DAYS.

FINE: $ ___500___    COURT COST: $ ___191___    SUBPOENA / ALIAS WARRANT FEES: $ _____

TOTAL FINE, COST & FEES: $ _591.00 691_    PAYMENT DUE DATE: _2/28/05_

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

STATE OF ALABAMA
COUNTY OF MONTGOMERY

## GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____RICHIE DAVID THOMAS_____ , in Case Number _____2005CRS500058_____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____2005CRS500058_____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

*I am signing this Release freely and voluntarily and intend to be bound by it.*

Executed, this the _____ day of _____ , _____ .

_____
*(Name of the Accused)*

_____
*(Witness)*

_____
*(Witness)*

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama<br>City of Montgomery | **CASE ACTION SUMMARY (CONTINUATION)**<br>**SENTENCING ORDER** | Case Number<br>**2005CRS500058** |
|---|---|---|
| Form MMC-1010      Rev. 10/03 | | PAGE 3 OF 4 |

Offense / Charge: EXCEEDING BUILDING OCCUPANT LOAD

Defendant Name: **RICHIE DAVID THOMAS**

| DATE | JUDGE'S INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| _____ | _____ | The Defendant shall enroll, participate and complete the: |
| | _____ | ☐ Anger Management Program        ☐ E.V.E.N. PROGRAM |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | The Defendant shall enroll, participate and complete the Court Referral Program. |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| _____ | _____ | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| _____ | _____ | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama<br>City of Montgomery<br><br>Form MMC-1010          Rev. 10/03 | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER & PAYMENT SHEET | | Case Number<br>**2005CRS500058**<br>PAGE 4 OF 4 |
|---|---|---|---|
| 1 → | 2 | 3 | 4 |
| 5 → | 6 | 7 | 8 |
| 9 → | 10 | 11 | 12 |

PAYMENTS

2/16/2005     266,186   9:18
2005CRS500058          £91.00
REVENUE STATION: SMJORDAN
MONTGOMERY MUNICIPAL COURT
R E C E I P T

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

B 20581

| State of Alabama<br>Unified Judicial System<br><br>ARJA-20          Rev. 10/00 | UNIFORM NONTRAFFIC CITATION<br>AND COMPLAINT<br>(For Scheduled Nontraffic Violations or Misdemeanors) | Case Number<br>Rose Supper Club<br>954 Highland Ave |
|---|---|---|

IN THE __Municipal__ COURT OF __Montgomery__, ALABAMA

Law-Enforcement Agency/Organization or Department
__Montgomery Fire Department__

| The undersigned complainant, being duly sworn, deposes and says that the person herein named committed the offense hereinafter set forth in that on or about: | Month 02 | Day 14 | Year 05 | At Approx. | Time 00/0 | ☐ AM ☐ PM ☑ MIL |
|---|---|---|---|---|---|---|

| First Richie | Middle/Maiden David | Last Thomas |
|---|---|---|

Street __6112 Dunwoody Ct.__

| City Montgomery | State Al | Zip 36117 |
|---|---|---|

| Driver's License Number 5477479 | State Al | Expiration Date Month 11 Day 10 Year 08 | Birth Date Month 06 Day 07 Year 70 |
|---|---|---|---|

| Height 6' | Weight 205 | Eyes BRO | Hair BLK | Social Security Number 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 | Sex M | Race B |
|---|---|---|---|---|---|---|

| Name of Employer Self employed - Club owner | Address of Employer 954 Highland Ave |
|---|---|

Did violate: ☑ Ordinance Number __29-2000__, which incorporates or encompasses Section _____, Code of Alabama 1975, within the city limits or police jurisdiction of __Montgomery__, and/or ☐ Section _____, Code of Alabama 1975, or ☑ Rule/Regulation Number __NFPA § 3-1.4.2__, within __Montgomery__ County at or near the following location (describe) _____ more particularly described in the DESCRIPTION OF OFFENSE section below

**DESCRIPTION OF OFFENSE**

Offense or Short Description of Offense:
__Overcrowding 'Permitting of Admittance of persons beyond the approved occupant load.__

State Specific Facts Relating to Offense:
__During an inspection of the above-listed establishment, which has a maximum__
__capacity of 300 occupants, I observed and counted 446 occupants, which is 146__
__over the maximum authorized by law. The owner was directed to close club__
__and was cited for above listed offense. Business was cited 2/13/05 for overcrowding__

| Sworn to and acknowledged before me this date | Month 02 | Day 14 | Year 05 | Complainant's (Officer's) Signature A.W. Camille MFD |
|---|---|---|---|---|

| Signature and Title of Judicial Officer W Coleman Sr Magistrate | Officer I.D. 954 | AL 0 0 3 1 5 0 0 Agency O.R.I |
|---|---|---|

**COURT APPEARANCE INFORMATION**          ☑ Court Appearance Required

By signing this citation, I am promising to appear in court on the date and at the time specified below. If a court appearance is not required, I may choose to plead guilty before a magistrate or by mail or in person, paying the required fine and court costs prior to my scheduled court date, in which event I do not have to appear in court. If I do not appear in court on the scheduled date and if I do not plead guilty and pay the required fine and costs prior to that date, I promise to pay an amount prescribed by law.

I also understand that failure to appear or to plead guilty and pay the fine and costs may result in a warrant being issued for my arrest on the present charge and I may also be charged with second-degree bail jumping.

| Court Appearance Date (if applicable) Month 02 Day 16 Year 05 Time 8:00 ☑ AM ☐ PM | Court Address 320 N. Ripley St. Montgomery, Al. | Telephone Number 241-2776 |
|---|---|---|

| Defendant's Signature So Richie Thomas | Telephone Number 399-2808 |
|---|---|

NOTICE: FAILURE TO APPEAR IN COURT AND/OR FAILURE TO REMIT FINE AND COSTS WILL RESULT IN AN ARREST WARRANT BEING ISSUED

1. White - Court                    2. Yellow - Law Enforcement                    3. Pink - Defendant

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

**EXHIBIT**

*E*

tabbies®

B 20584

| State of Alabama Unified Judicial System | UNIFORM NONTRAFFIC CITATION AND COMPLAINT (For Scheduled Nontraffic Violations or Misdemeanors) | Case Number Diamonds 500108 |
|---|---|---|
| ARJA-20    Rev. 10/00 | | |

IN THE _Municipal_ COURT OF _Montgomery_ , ALABAMA    Law-Enforcement Agency/Organization or Department _Montgomery Fire Dept._

The undersigned complainant, being duly sworn, deposes and says that the person herein named committed the offense hereinafter set forth in that on or about:

| | Month 04 | Day 08 | Year 05 | At Approx. 2:00 | Time ☑ AM ☐ PM ☐ MT |
|---|---|---|---|---|---|

| First Kent | Harold | Middle/Maiden | Last Crenshaw |
|---|---|---|---|

Street _7536 Wynlakes Blvd Montgomery Al. 36117_

| City _Montgomery_ | State _Al._ | Zip _36116_ |
|---|---|---|

| Driver's License Number 5128223 | State A1 | Expiration Date Month 04 Day 27 Year 07 | Birth Date Month 06 Day 28 Year 66 |
|---|---|---|---|

| Height 603" | Weight 250 | Eyes Bro | Hair Blk | Social Security Number 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 | Sex Male | Race Race |
|---|---|---|---|---|---|---|

| Name of Employer _Self / Club Owner_ | Address of Employer _5050 Narrow Lane Rd_ |
|---|---|

Did violate: ☑ Ordinance Number _29-2000_ , which incorporates or encompasses Section _____ , Code of Alabama 1975, within the city limits or police jurisdiction of _Montgomery_ , and/or ☐ Section _____ , Code of Alabama 1975, or ☐ Rule/Regulation Number _NFPA 3-1.4.2_ , within _Montgomery_ County at or near the following location (describe) _____ more particularly described in the DESCRIPTION OF OFFENSE section below

## DESCRIPTION OF OFFENSE

Offense or Short Description of Offense: _Overcrowding: Permitting admittance of persons beyond the approved occupancy Load._

State Specific Facts Relating to Offense: _During an inspection of the above establishment, which has a maximum capacity of 299 occupants, I observed and counted 416 which is 117 over the maximum authorized by law. The manager was instructed to keep the capacity below the maximum and was cited for the above offense._

| Sworn to and acknowledged before me this date | Month 04 | Day 08 | Year 05 | Complainant's (Officer's) Signature _A.C. Carmona_ |
|---|---|---|---|---|

| Signature and Title of Judicial Officer | Officer I.D. 0953 | Agency O.R.I AL 0 0 3 1 5 0 0 |
|---|---|---|

## COURT APPEARANCE INFORMATION    ☑ Court Appearance Required

By signing this citation, I am promising to appear in court on the date and at the time specified below. If a court appearance is not required, I may choose to plead guilty before a magistrate or by mail or in person, paying the required fine and court costs prior to my scheduled court date, in which event I do not have to appear in court. If I do not appear in court on the scheduled date and if I do not plead guilty and pay the required fine and costs prior to that date, I promise to pay an amount prescribed by law.

I also understand that failure to appear or to plead guilty and pay the fine and costs may result in a warrant being issued for my arrest on the present charge and I may also be charged with second-degree bail jumping.

| Court Appearance Date (if applicable) Month 04 Day 11 Year 05 Time 08:00 ☑ AM ☐ PM | Court Address _320 N. Ripley St._ _Montgomery Al. 36104-2722_ | Telephone Number _241-2776_ |
|---|---|---|

| Defendant's Signature | | Telephone Number _213-0052_ |
|---|---|---|

NOTICE: FAILURE TO APPEAR IN COURT AND/OR FAILURE TO REMIT FINE AND COSTS WILL RESULT IN AN ARREST WARRANT BEING ISSUED

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama<br>City of Montgomery<br>Form MMC-1010    Rev. 10/03 | COURT RECORD<br>CASE ACTION SUMMARY | Case Number<br>**2005CRS500168**<br>PAGE 1 OF 4 |
|---|---|---|

IN THE MUNICIPAL COURT OF _____ MONTGOMERY _____ , ALABAMA
<br>(Name of Municipality)

MUNICIPALITY OF ___ MONTGOMERY ___ v. ___ KENT HAROLD CRENSHAW ___
<br>Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number<br>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 | Date of Birth<br>06/28/1966 | Home Address<br>7536 WYNLAKES BLVD | | |
|---|---|---|---|---|
| Race<br>B | Sex<br>M | City<br>MONTGOMERY | State<br>AL | Zip Code<br>36117 |
| Height | Weight | Home Telephone Number | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| Driver License State<br>AL | Driver License Number<br>5128223 | City | State | Zip Code |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:    **(29-2000)  EXCEEDING BUILDING OCCUPANT LOAD**

Complainant - Victim / Arresting Officer:    G C CREMEENS

Bondsman / Surety: _____    Bond Amount:    0.00

| Date of Offense<br>04/08/2005 | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date<br>04/11/2005 | Trial Date |
|---|---|---|---|---|---|

**PROSECUTOR NAME:**

ARRAIGNMENT:  *K.N.T*

TRIAL: _____

**DEFENSE COUNSEL NAME:**

ARRAIGNMENT:  *Lewis Gillis*

TRIAL:  *Lewis Gillis*

PLEA OF DEFENDANT: ☐ GUILTY AS CHARGED  ☐ NOT GUILTY  ☐ GUILTY OF:

## ADJUDICATION

☒ GUILTY AS CHARGED   ☐ NOT GUILTY   ☐ NOL-PROSSED   ☐ DISMISSED

☐ GUILTY OF: _____

APR 11 2005                     *W.M.*

DATE                     JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO _____ DAYS IN JAIL, SUSPEND _____ DAYS.

FINE: $ *100.00*   COURT COST: $ *191.00*   SUBPOENA / ALIAS WARRANT FEES: $

TOTAL FINE, COST & FEES: $ *291.00*   PAYMENT DUE DATE: *July 13 2005*

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

STATE OF ALABAMA
COUNTY OF MONTGOMERY

## GENERAL RELEASE

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ KENT HAROLD CRENSHAW _____ , in Case Number _____ 2005CRS500168 _____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____ 2005CRS500168 _____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

_I am signing this Release freely and voluntarily and intend to be bound by it._

Executed, this the _____ day of _____ , _____ .

_____
(Name of the Accused)

_____
(Witness)

_____
(Witness)

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

| State of Alabama<br>City of Montgomery | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number |
|---|---|---|
| Form MMC-1010      Rev. 10/03 | | **2005CRS500168**<br>PAGE 3 OF 4 |

Offense / Charge:   EXCEEDING BUILDING OCCUPANT LOAD

Defendant Name:   **KENT HAROLD CRENSHAW**

| DATE | JUDGE'S<br>INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| _____ | _____ | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program      ☐ E.V.E.N. PROGRAM |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | The Defendant shall enroll, participate and complete the Court Referral Program. |
| _____ | _____ | 1ST REVIEW DATE: _____ |
| _____ | _____ | 2ND REVIEW DATE: _____ |
| _____ | _____ | 3RD REVIEW DATE: _____ |
| _____ | _____ | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| _____ | _____ | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| _____ | _____ | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9 - 5 - 2008

Case 2:07-cv-01035-MEF-CSC    Document 24-4    Filed 09/05/2008    Page 56 of 57

State of Alabama
City of Montgomery

Form MMC-1010        Rev. 10/03

# CASE ACTION SUMMARY (CONTINUATION)
## SENTENCING ORDER & PAYMENT SHEET

Case Number

**2005CRS500168**

PAGE 4 OF 4

| 1→ | 2 | 3 | 4 |
|---|---|---|---|
| | | | |
| 5→ | 6 | 7 | 8 |
| | | | |
| 9→ | 10 | 11 | 12 |
| | | | |

## PAYMENTS

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: 9-5-2008

**EXHIBIT 4**
**TIMOTHY CRENSHAW'S RESPONSE TO**
**CREMEENS' DISCOVERY REQUESTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY CRENSHAW, and )
KENT CRENSHAW, as owner of )
the DIAMONDS CLUB, )
)
    Plaintiffs, )
) CIVIL ACTION NO. <u>2:07cv1035-MEF</u>
vs. )
)
THE CITY OF MONTGOMERY, and )
LT. G.C. CREMEENS, )
)
    Defendants. )

<u>DEFENDANT G.C. CREMEENS' FIRST SET OF REQUEST FOR ADMISSIONS TO
PLAINTIFFS TIMOTHY CRENSHAW AND KENT CRENSHAW
AS OWNER OF DIAMONDS CLUB</u>

    Pursuant to Rule 36, Federal Rules of Civil Procedure Defendant requests that

Plaintiffs, **separately and severally** admit or deny the following request for admissions:

    1.    That Plaintiff Kent Crenshaw has pled guilty to overcrowding or over capacity

of the Diamonds Club on occasions prior to November 24, 2005.

**Response:**


    2.    That Plaintiff Timothy Crenshaw has pled guilty to overcrowding or over

capacity of the Diamonds Club on occasions prior to November 24, 2005

**Response:**


    3.    That the occupancy of patrons designated by the City of Montgomery for

Diamonds Club on November 24, 2005 was 299.

**Response:**

4.    That on November 24, 2005 the number of patrons in the Diamonds Club exceeded the occupancy of 299 designated for that establishment by the City of Montgomery.

**Response:**

5.    That the decision by law enforcement to charge or arrest employees of a facility that is overcrowded or over capacity for its patrons is a discretionary function.

**Response:**

6.    That overcrowding or over capacity of patrons creates a significant risk to the health and safety of the patrons of an establishment.

**Response:**

7.    That overcrowding or over capacity of patrons presents certain fire hazards to the patrons of an establishment

**Response:**

8.    That Plaintiff Timothy Crenshaw was responsible for maintaining the properly designated capacity of the Diamonds Club on November 24, 2005.

**Response:**

9.    That Plaintiff Kent Crenshaw was responsible for maintaining the properly

2

designated capacity of the Diamonds Club on November 24, 2005

     **Response:**

                                            Respectfully submitted,

                                            */s/ Wesley Romine*

                                            WESLEY ROMINE (ROM002)
ONE OF THE ATTORNEYS FOR
DEFENDANT G.C. CREMEENS

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone: (334) 262-7707
Facsimile: (334) 262-7742
Email:    wromine@mrplaw.com
            rsmorrow@mrplaw.com
            jhpearson@mrplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2008, I have served the foregoing documents to the following via U S Mail, postage prepaid:

Hon. Fred F. Bell
1015 south McDonough Street
Montgomery, AL 36104

Hon. Kimberly O. Fehl
City of Montgomery Legal Division
P.O. Box 1111
Montgomery, AL 36101-1111

Respectfully submitted,

WESLEY ROMINE (ROM002)
One of the Attorneys for Defendant
L.C. Cremeens
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:    (334) 262-7707
Facsimile:    (334) 262-7742
Email:    wromine@mrplaw.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY CRENSHAW, and )
KENT CRENSHAW, as owner of )
the DIAMONDS CLUB, )
                                                  )
      Plaintiffs, )
                                                  )    CIVIL ACTION NO. 2:07cv1035-MEF
vs. )
                                                  )
THE CITY OF MONTGOMERY, and )
LT. G.C. CREMEENS, )
                                                  )
      Defendants. )

## DEFENDANT G.C. CREMEENS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS TIMOTHY CRENSHAW AND KENT CRENSHAW AS OWNER OF DIAMONDS CLUB

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant G.C. Cremeens propounds the following interrogatories to the Plaintiffs Timothy Crenshaw and Kent Crenshaw as owner of the Diamonds Club to be answered **separately and severally** within thirty (30) days after service of the interrogatories

1.    Do you or your attorney or any person acting on your/his behalf have photographs, statements, tape recordings, video tapes or transcription of tape recording(s) of or from any individual Defendant or any official, employee or agent of the City of Montgomery who Plaintiff or his attorney maintains has significant enough authority to allegedly bind the Defendant(s) by his or her statements or actions?

    a.    If so, state the name, title or position(s) and present place of employment of the individual(s) who gave the statement or whose conversation was taped or recorded or videotaped or photographed;

    b.    state the name, address and present place of employment of the

person to whom the statement was given or who participated or took part in the taped or recorded conversation or videotaping or photography.

**Response:**

2.    Is it the contention of the Plaintiff(s) that overcrowding or excess capacity of patrons in the Diamonds Club does not create a significant risk to the health and safety of the patrons?

**Response:**

3    If the answer to the preceding interrogatory is in the affirmative, please state:

    a.    the basis of facts or principle of law which supports that contention;

    b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention

**Response:**

4.    Is it the contention of the Plaintiff(s) that overcrowding or excess capacity of patrons in the Diamonds Club does not create certain fire safety hazards to patrons in the establishment?

**Response:**

5.    If the answer to the preceding interrogatory is in the affirmative, please state:

2

     a.    the basis of facts or principle of law which supports that contention;

     b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

6.    In the event that it is the contention of the Plaintiff(s) that the acts of Defendant Cremeens in arresting or charging Plaintiff(s) with being over capacity or overcrowding were not within his discretionary function as a law enforcement officer please state

     a    the basis of the facts which support your contention;

     b.    any case or other legal authority that supports your contention.

**Response:**

7.    In regard to your contention that white establishments that serve alcohol have not been charged or prosecuted with being over capacity (or overcrowded), please state the following:

     a    the basis of the facts which support that contention;

     b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

8.    In regard to your contention that the management of white establishments that serve alcohol have not been arrested, charged or prosecuted for being over capacity (or overcrowded), please identify the name and address of each such establishment.

    a.    state the date you allege that such establishment(s) was over capacity or overcrowded but that no action was taken by Defendants against it/them.

**Response:**

9.    In the event that it is your contention that Defendant Cremeens did not have probable cause to arrest or charge Timothy Crenshaw with the operation of an establishment that was over capacity or overcrowded on or about November 24, 2005, please state specifically the following:

    a.    describe the basis of the facts or legal principles which demonstrate the absence of probable cause to arrest;

    b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

10.    On November 24, 2005 was the Diamonds Club over its maximum capacity for patrons or overcrowded?

4

**Response:**

11.    In the event the preceding interrogatory is answered in the negative, please state:

      a.    the basis of your contention that the Diamonds Club was not overcrowded or over capacity on said date;

      b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

12.    Please state the role in the operation of the Diamonds Club of each individual answering these interrogatories (Timothy Crenshaw and Kent Crenshaw) on November 24, 2005, i.e. manager, doorkeeper, owner, bartender, patron, etc.).

**Response:**

13.    In regard to the claims on behalf of the Diamonds Club that it suffered a revenue loss as a result of being closed after the arrest of Plaintiff Timothy Crenshaw on November 24, 2005, please state the following:

      a    the amount of revenue alleged to have been lost;

        b.     how much in attorneys fees were incurred by Diamonds Club as a result of the closure;

        c.     how much in attorneys fees were incurred by Diamonds Club in defending the charge of or prosecution for overcrowding

**Response:**

14.    In regard to the claim of Plaintiff Timothy Crenshaw that he was caused to lose money as a result of his arrest on November 24, 2005, please itemize each element of money lost as stated in paragraph 27 of your complaint.

**Response:**

15.    As a result of any claim for mental anguish that you have arising from the facts alleged in your complaint, please state the name, present address and occupation of each physician, psychiatrist, medical provider, clergyman, counselor or other individual who has assisted or responded to that condition or treated you for it.

**Response:**

16.    Please state each time that you have been arrested or cited as a result of overcrowding or over capacity of patrons at the Diamonds Club

6

a.     What was the result of the arrest or citation, i.e. conviction, acquittal, nolle prosse, etc.

b.     In the event of conviction, did you plead guilty?

**Response:**

17     In regard to your contention in paragraph 25 of your complaint that Defendant Cremeens "fabricated facts" or added to or changed facts, please state what facts you alleged to have been fabricated

**Response:**

18.     In regard to your contention that Defendant Cremeens acted maliciously or knowingly to rob Plaintiffs of their civil rights, please state specifically the following:

a.     describe the basis of facts or principle of law which demonstrates such malice or that the actions of Cremeens were designed to deprive Plaintiffs of civil rights;

b.     the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

19     In regard to paragraph 45 of the complaint in which you alleged that

7

Defendant Cremeens acted to retaliate against Plaintiff Timothy Crenshaw, please state specifically the following:

a.    describe the basis of the facts or legal principle which demonstrates such retaliation;

b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

20.    Do Plaintiffs contend that the occupancy number for patrons at the Diamonds Club should be higher than that determined by the City of Montgomery

**Response:**

21.    If the answer to the preceding interrogatory is in the affirmative, please state specifically the following:

a    the basis of the facts or principle of law or code which demonstrates that the capacity should be designated higher or should be increased;

b.    the name, present address and present place of employment of any individual (either factual or expert) who is a witness to or supports your contention.

**Response:**

8

22.    In regard to the malicious prosecution claims brought against Defendant Cremeens please state if such claim is brought

a.    under state law;

b.    under federal law

**Response:**


23.    On November 24, 2005 (or in the early hours of November 25, 2005) did you (or any employee of Diamonds Club) telephone any employee or management of Rose Supper Club to advise employees or management of the Rose Supper Club that Diamonds Club had been closed as a result of being over capacity or overcrowded?

a.    If so, why did you/they take such action?

**Response:**


24.    Do you intend to call an expert witness in the trial of the case, including but not limited to, any medical provider who will testify as to any condition alleged to be attributable to the acts of the individual Defendant; and

a.    if so, state the name and address of each such expert witness;

b.    the subject matter about which each such expert witness is expected to testify;

c.    the substance of the facts and opinions to which each such expert witness is expected to testify, including but not limited to, the grounds of each such opinion.

9

Response:

Respectfully submitted,

_Wesley Romine_

WESLEY ROMINE (ROM002)
ONE OF THE ATTORNEYS FOR
DEFENDANT G.C. CREMEENS

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742
Email:      wromine@mrplaw.com
            rsmorrow@mrplaw.com
            jhpearson@mrplaw.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2008, I have served the foregoing documents to the following via U.S. Mail, postage prepaid:

Hon. Fred F. Bell
1015 south McDonough Street
Montgomery, AL 36104

Hon. Kimberly O. Fehl
City of Montgomery Legal Division
P.O Box 1111
Montgomery, AL 36101-1111

Respectfully submitted,

WESLEY ROMINE (ROM002)
One of the Attorneys for Defendant
L.C. Cremeens
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
122 South Hull Street
Montgomery, AL 36103-4804
Telephone:   (334) 262-7707
Facsimile:   (334) 262-7742
Email:        wromine@mrplaw.com

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY CRENSHAW, et al )
)
    Plaintiffs, )
)
vs. ) CASE NO. 2:07-cv-1035-MEF
)
THE CITY OF MONTGOMERY, et al, )
)
    Defendants. )

**TIMOTHY CRENSHAW'S RESPONSE TO DEFENDANT
CREMEENS' DISCOVERY REQUESTS**

    COMES NOW Timothy Crenshaw and responds to the Defendant Cremeens'

discovery requests

**REQUEST FOR ADMISSIONS**

1.    Request for Admission # 1.  Response:   Admit

2.    Request for Admission # 2.  Response:   Deny

3    Request for Admission # 3.  Response:   Admit

4    Request for Admission # 4  Response:   Deny

5.    Request for Admission # 5  Response:   The Request calls for a legal conclusion. I do not possess the legal skill to admit or deny. Therefore, I Deny the Request as written.

6.    Request for Admission # 6. Response:   The   Request   seeks   general information on establishments about which I do not have knowledge. I am without sufficient knowledge to admit or deny. Therefore, I Deny the Request as written.

7.    Request for Admission # 7. Response:   The   Request   seeks   general information on establishments about which I do not have knowledge I am without sufficient knowledge to admit or deny Therefore, I Deny the Request as written.

8    Request for Admission # 8.  Response:   Deny

9.    Request for Admission # 9.    Response:    Admit.

## FIRST SET OF INTERROGATORIES

1.    Interrogatory # 1.    Response:    No

2.    Interrogatory # 2    Response:    I make no such contention

3.    Interrogatory # 3    Response:    See response Interrogatory # 2.  No response is required.

4.    Interrogatory # 4    Response:    I make no such contention

5.    Interrogatory # 5.    Response:    See response to Interrogatory # 4.  No response is required.

6    Interrogatory # 6.    Response:    I do not know if the acts of Mr. Cremeens in arresting or charging the plaintiff were or were not within his discretionary function as a law enforcement.

7.    Interrogatory # 7.    Response:    I have not made the allegation that "white establishments that serve alcohol have not been charged or prosecuted with being over capacity."

8    Interrogatory # 8    Response:    See response to Interrogatory #7

9    Interrogatory # 9.    Response:
    a.    I was not responsible for any overcrowding at the Diamonds Club.
    b.    Kent Crenshaw; the owner of the Diamonds Club. 5050 Narrow Lane Road, Montgomery, Alabama. Kent Crenshaw is not employed

10.    Interrogatory # 10.    Response:    To my knowledge, no.

11    Interrogatory # 11.    Response:
    a.    I do not know that, as a fact, the Diamonds was over capacity.  The patrons were never counted in my presence.

    b.    I do not have any witnesses to support my contention that the I do not know, as a fact, that the Diamonds was over capacity and that the patrons were never counted in my presence

12    Interrogatory # 12.    Response:    Employee-Disc Jockey Helper

13    Interrogatory # 13.    Response:
    a.    Between $12,000.00 and $15,000 00

2

b.     Approximately $7,500.00

14.     Interrogatory # 14.     Response:     Lost income for Timothy Crenshaw:
$500.00

15     Interrogatory # 15.     Response:     None

16.     Interrogatory # 16.     Response:     None

17.     Interrogatory # 17.     Response:     See the various complaints that are in the
possession, custody, and control of the City of Montgomery. Mr. Cremeens had
not observed me violate any criminal law. Yet he wrote a complaint  On two
different occasions he charged me with overcrowding. After he learned that
overcrowding was not a criminal offense; he still attempted to add facts to support
a claim of reckless endangerment. Each time, additional "facts" were added to
support his claims; these additional facts were not stated in the original complaint.

18.     Interrogatory # 18,     Response: See response to Interrogatory #17.
a.     Mr. Cremeens knew that I had not violated any criminal laws. He had no
cause to arrest Timothy Crenshaw; yet he did  After he and the City realized that
over crowding was not a criminal offense, he reconstructed the complaint to
allege reckless endangerment

b.     Kent Crenshaw; see response to Interrogatory # 9.

19.     Interrogatory # 19.     Response:
a.     In court, Mr. Cremeens stated that the only persons who had been charged
with reckless endangerment were those persons charged during the  2005
Thanksgiving Holiday at the Diamonds, Rose, and the Cotton Club because they
had challenged the him and the City on the overcrowding charge.
b.     Kent Crenshaw, the owner of the Diamonds

20.     Interrogatory # 20.     Response:     I make no such  contention.

21.     Interrogatory # 21.     Response:     No response is required.

22.     Interrogatory # 22.     Response:     State Law.

23.     Interrogatory # 23.     Response:     I did not.

24.     Interrogatory # 24.     Response:     At this juncture, my attorney has not stated
that he would call an expert. If he does, I will provide this information to the
Defendants immediately

3

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Done this _____11th_____ day of _____MAy_____ 2008

_____
Timothy Crenshaw

# EXHIBIT 5
# AFFIDAVIT OF BRENDA GALE BLALOCK

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENDRICK DORTCH and              )
   RICHARD THOMAS, as owner of   )
the ROSE SUPPER CLUB,            )
                     )
    Plaintiffs,                  )
                     )
v.                               )    CASE NO. 2:07cv1034-MEF
                     )
                     )
CITY OF MONTGOMERY and           )
   L.C. CREMEENS,                )
                     )
    Defendants.                  )


TIMOTHY CRENSHAW                 )
   and KENT CRENSHAW, as owner of )
the DIAMONDS CLUB,               )
                     )
    Plaintiffs,                  )
                     )
v.                               )    CASE NO. 2:07cv1035-MEF
                     )
                     )
CITY OF MONTGOMERY and           )
   L.C. CREMEENS,                )
                     )
    Defendants.                  )


## AFFIDAVIT OF BRENDA GALE BLALOCK


STATE OF ALABAMA            )

COUNTY OF MONTGOMERY        )

     Before me, the undersigned authority, personally appeared Brenda Gale Blalock,

who is known to me and who, being duly sworn, deposes on oath, and says as follows:

My name is Brenda Gale Blalock. I am over nineteen years of age. I am employed by the City of Montgomery, Alabama, and hold the position of City Clerk. It is in that capacity and with personal knowledge that I state the following:

1.    Attached to my affidavit as Exhibit A1-A4 are certified copies of claims filed on May 23, 2006 by Richie D. Thomas and Kent Crenshaw and on December 27, 2006 by Kenneth Dortch and December 29, 2006 by Timothy Crenshaw and Michael Williams.

2.    Attached to my affidavit as Exhibit B is a certified copy of the minutes of the Public Safety Standing Committee held on March 23, 2005 to discuss the request by the Rose Supper Club to increase its occupancy level.

3.    Also attached to my affidavit as Exhibit C is a certified copy of the minutes of a Special Meeting of the Council held on December 1, 2005 to discuss the closing by the Mayor of the following establishments: Celebrations, Diamonds, Rose Supper Club and The Cotton Club.

I have read the above and foregoing affidavit consisting in total of two (2) pages and state that it is true and correct to my present knowledge and information.

_Brenda Gale Blalock_
Brenda Gale Blalock

_9-3-08_
Date

**SWORN TO AND SUBSCRIBED** before me this _3rd_ day of September, 2008.

_Anita Evans Shorer_
Notary Public



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE

**Brenda Gale Blalock**
**City Clerk**

Mayor Bobby N. Bright

City Council Members

Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY        )
CITY OF MONTGOMERY          )

    I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2006-0142 by Richie D. Thomas (Rose Supper Club) was received on the 23rd day of May, 2006, and is on file in the City Clerk's Office.

    GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

*Brenda Gale Blalock*
BRENDA GALE BLALOCK, CITY CLERK

SEAL



EXHIBIT
A1

STATE OF ALABAMA        }
COUNTY OF MONTGOMERY    }

RECEIVED
MAY 2 3 2006
CITY CLERK
MONTGOMERY
ALA.

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

COMES NOW RICHIE D. THOMAS, Claimant, and hereby makes the following claim against the City of Montgomery. I am resident of the City of Montgomery, Montgomery County, Alabama. I am over the age of 21; I am in sound mind. I am the owner president of the Rose Supper Club, located 954 Highland Avenue in the City of Montgomery (City), Alabama.

During the Thanksgiving Holiday, in the morning hours of November 25, 2005, the City, through, G.C. Cremeens, an officer with the City of Montgomery Fire Department, came to the Rose, did a walk through inspection, and cited Kedrick Dortch, an employee of the Rose, for overcrowding, criminally charging him for alleged overcrowding, allegedly in violation of a City ordinance, and ordered the Rose closed until the municipal court had heard the charge. Initially, Mr. Cremeens issued a citation for "overcrowding," but later changed it to "reckless endangerment."

Subsequently, by written correspondence dated November 29, 2005, but served on November 29, 2005, in court, J.R. Amsler, Fire Marshall, informed me that Mayor Bobby Bright and the City of Montgomery Fire Marshal's Office were ordering the Rose to remain closed until the next council meeting, which was to be held on December 6, 2005. The Rose was closed on the orders of the city officials for approximately seven days. And it was only allowed to re-open by the order of the city council.

Mr. Creemens did not have authority to order the Rose closed under the circumstances which he closed the Rose. Further, he had no authority to order the Rose to remain closed indefinitely for an alleged "overcrowding." He acted negligently in doing so. Furthermore,

neither the Fire Marshall, nor the mayor had the authority to order the Rose closed without affording me due process of law. Both the mayor and Mr. Amsler acted negligently in ordering the Rose closed indefinitely in this instance.

On the orders of Mr. Creemens, Mr. Amsler, and the mayor, all agents of the City of Montgomery, the Rose Club was not open during the weekend of the Thanksgiving Holiday; nor was it open days following that holiday weekend, even though the Rose is always open on Sundays. The City of Montgomery, through its decision makers, improperly and without authority to do so, ordered the Rose to be closed on one of the most profitable weekends; consequently, the Rose lost substantial income.

These agents, acting on behalf of and with authority of the City of Montgomery, acted negligently on behalf of the City of Montgomery. As a result of the actions of these agents, in order to protect the rights of the Rose and its employees, I had to secure legal representation. The Claimant makes a claim for $70,000.00.

Done this 23rdday of May 2006.

_Richie D Thomas_
Richie D Thomas, Claimant for the Rose Supper Club
954 Highland Avenue
Montgomery, Al 36104

RECEIVED
MAY 2 3 2006
CITY CLERK
MONTGOMERY
ALA.

STATE OF ALABAMA          }
COUNTY OF MONTGOMERY      }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **RICHIE THOMAS**, who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 23rd day of May, 2006.

_____
Notary Public
My Commission Expires: _1-26-09_

2



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE

**Brenda Gale Blalock**
**City Clerk**

Mayor Bobby N. Bright

<u>City Council Members</u>
Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY   )
CITY OF MONTGOMERY        )

     I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2006-0143 by Kent Crenshaw (Diamonds Club) was received on the 23rd day of May, 2006, and is on file in the City Clerk's Office.

     GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

_Brenda Gale Blalock_
BRENDA GALE BLALOCK, CITY CLERK

SEAL

**EXHIBIT**
_A2_

STATE OF ALABAMA            }
COUNTY OF MONTGOMERY        }

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

COMES NOW KENT CRENSHAW, Claimant, and hereby makes the following claim against the City of Montgomery. I am resident of the City of Montgomery, Montgomery County, Alabama. I am over the age of 21; I am in sound mind. I am the owner of the Diamonds Club located at 5050 Narrow Lane Road in the City of Montgomery.

On the night of Thanksgiving, November 24, 2005, G.C. Cremeens, an officer with the City of Montgomery Fire Department, came into the Diamonds Club and informed one of the employees that he thought that the Diamonds was over capacity. Mr. Cremeens issued a uniform non-traffic citation to Timothy Robert Crenshaw, one of the employees of Diamonds, for violation of City Ordinance Number 29-2000. He ordered all patrons from the club. Initially, Mr. Cremeens issued a citation for "overcrowding," but the charge was later changed to "reckless endangerment." And he further ordered that Diamonds be closed until Mr. Crenshaw had met court.

Subsequently, on November 29, 2005, J.R. Amsler, Fire Marshall, by written correspondence, informed me that Mayor Bobby Bright and the City of Montgomery Fire Marshal's Office were ordering me not to open the Diamonds until the next council meeting, which was to be held on December 6, 2005. The Diamonds was closed on the orders of the city officials for approximately seven days. And it was only allowed to re-open by the order of the city council.

Mr. Creemens did not have authority to order Diamonds closed under the circumstances which he closed the Diamonds. Further, he had no authority to order Diamonds to remain closed indefinitely for an alleged "overcrowding." He acted negligently. Furthermore, neither the Fire Marshall, nor the mayor had the authority to order Diamonds closed without affording me due

process of law. Both the mayor and Mr. Amsler acted negligently in ordering Diamonds closed indefinitely in this instance.

On the orders of Mr. Creemens, Mr. Amsler, and the mayor, all agents of the City of Montgomery, I did not open the Diamonds Club during the weekend of the Thanksgiving Holiday. The City of Montgomery, through its decision makers, improperly and without authority to do so, ordered Diamonds to be closed on one of the most profitable weekends, Diamonds lost substantial income.

These agents did not have the authority to order the Diamonds closed; they acted negligently on behalf of the City of Montgomery. As a result of the actions of these agents, the Claimant's constitutional and statutory rights were violate. In order to protect my rights as a property owner against the City of Montgomery, I had to secure legal representation. The Claimant makes a claim for $ 50,000.00.

Done this 23rd day of May 2006.

Kent Crenshaw, Claimant
7536 Wynlakes Blvd.
Montgomery, AL 36117

RECEIVED
MAY 2 3 2006
CITY CLERK
MONTGOMERY
ALA.

STATE OF ALABAMA        }
COUNTY OF MONTGOMERY    }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **KENT CRENSHAW**, who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 23rd day of May, 2006.

Notary Public
My Commission Expires: 1-26-09

2



# City of Montgomery, Alabama

### CITY CLERK'S OFFICE
Brenda Gale Blalock, City Clerk

Mayor Bobby N. Bright

City Council Members

Charles Jinright - President
Tracy Larkin - Pro tem
David M. Burkette
Cornelius "C.C." Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY        )
CITY OF MONTGOMERY          )

     I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2006-0410 by Kendrick L. Dortch (Rose Supper Club) was received on the 27th day of December, 2006, and is on file in the City Clerk's Office.

     GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

BRENDA GALE BLALOCK, CITY CLERK

SEAL

**EXHIBIT**
A3

*2006-0110*

*fß*

# FRED F. BELL
Attorney and Counselor

*Guided by the principle that all persons are entitled to equal protection of the laws*

*walk in*

RECEIVED
DEC 27 2006
CITY CLERK
MONTGOMERY
ALA.

December 28, 2006

Ms. Brenda Gale Blalock, Clerk
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101.

Re: Verified Claim of Kendrick L. Dortch against the City of Montgomery

Dear Ms. Blalock:

Take notice that Kendrick L Dortch., the Claimant herein, hereby files this claim against the City of Montgomery for damages resulting from his criminal charge of "overcrowding" and for his subsequent charge and conviction for reckless endangerment in the Municipal Court of Montgomery. That conviction was subsequently dismissed by the Circuit Court of Montgomery County.

Although the factual statements of the Claimant are more fully set out in the attached Verified Complaint, the gist of Mr. Dortch's claim is that he was illegally charged criminally for an offense that was not criminal and that he was charged and convicted for an offense for which he was subsequently found not guilty in the Circuit Court of Montgomery County, Alabama.

Please file this claim and forward it to the appropriate persons or person who would make a determination as to the validity of this claim.

With kind regards,

Fred F. Bell

FFB/crb
cc: Mr. Kendrick L. Dortch (w/enclosure)

STATE OF ALABAMA        }
COUNTY OF MONTGOMERY    }

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

I am Kendrick L. Dortch, Claimant, and hereby make the following claim against the City of Montgomery. I am over the age of 21. I am a resident of Montgomery, Alabama. During the Thanksgiving Holiday, in the morning hours of November 25, 2005, the City, through, Officer G.C. Cremeens, an officer with the City of Montgomery Fire Department, came to the Rose Supper Club in Montgomery, did a walk through inspection, and cited me, an employee of the Rose, criminally for an alleged in violation of a City ordinance.

Initially, Mr. Cremeens issued a citation for "overcrowding." In the Municipal Court of Montgomery. I moved for dismissal and informed Mr. Cremeens and the City of Montgomery that overcrowding was not a criminal offense in Alabama. The Court denied the motion. However, later when I came to court prepared to defend, Mr. Cremeens apparently realized or conceded that overcrowding was not a criminal offense. At that time, the City made a motion to dismiss, which the Court granted. Later, for the same alleged criminal conduct which I had been charged initially, Mr. Cremeens changed the offense to "reckless endangerment." I was ordered to attend court on the charge. I again moved for dismissal; the Municipal Court denied the motion. However, again, when Mr. Cremeens and the City of Montgomery moved for dismissal on the basis of a technicality, the Court granted their motion. Again, I went to court, and I was eventually found guilty of reckless endangerment by the Municipal Court of Montgomery, fined $500.00 and court cost, and received a sentence of 75 days incarceration, which was suspended.

Subsequently, the Circuit Court of Montgomery County Alabama dismissed the charge against me on June 28, 2006.

Mr. Cremeens, acting on behalf of and with authority of the City of Montgomery, acted negligently or with misinterpretation of the law on behalf of the City of Montgomery. The City of Montgomery adopted and ratified the action of Mr. Cremeens. As a result of the action of Mr. Cremeens, acting on behalf of the City, and the City, my rights were violated; my freedom was restrained; my due process rights were violated, I was denied equal protection of the law. I had to secure legal representation, I lost income; I was falsely accused, and I had to defend against an illegal charge;. The Claimant makes a claim for $100,000.00.

Done this _26_ day of December 2006.

_____
KENDRICK DORTCH, Claimant

STATE OF ALABAMA            }
COUNTY OF MONTGOMERY        }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **KENDRICK DORTCH**, who being by me first duly sworn, states that the facts contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information and knowledge and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this _27th_ day of December, 2006.

_____
Notary Public
My Commission Expires: _6/6/07_

RECEIVED
DEC 27 2006
CITY CLERK
MONTGOMERY
ALA.

2



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE
**Brenda Gale Blalock**
**City Clerk**

Mayor Bobby N. Bright

City Council Members
Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA              )
COUNTY OF MONTGOMERY    )
CITY OF MONTGOMERY       )

    I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached Claim No. 2007-0001 by Timothy Robert Crenshaw and Michael Williams (Diamonds Club) was received on the 29th day of December, 2006, and is on file in the City Clerk's Office.

    GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.

                     _Brenda Gale Blalock_____
                     BRENDA GALE BLALOCK, CITY CLERK

SEAL

**EXHIBIT**
**A-4**

*fß*

# FRED F. BELL
### Attorney and Counselor

*Guided by the principle that all persons are entitled to equal protection of the laws*

RECEIVED

DEC 2 9 2006

CITY CLERK
MONTGOMERY
ALA.

December 28, 2006

Ms. Brenda Gale Blalock, Clerk
City of Montgomery
P.O. Box 1111
Montgomery, Alabama 36101

Re: Verified Claims of Michael Williams and Timothy Crenshaw

Dear Ms. Blalock:

Please take notice that Michael Williams and Timothy Crenshaw hereby file claims against the City of Montgomery, Alabama for damages resulting from their convictions for reckless endangerment in the Municipal Court of Montgomery. Those charges were subsequently dismissed by the Circuit Court of Montgomery County.

The factual statements are more fully set out in the attached verified complaints, which are incorporated herein by reference. These persons state that they were negligently charged and convicted for an offense for which they were subsequently found not guilty in the Circuit Court of Montgomery County, Alabama.

Please file these verified complaints and forward them to the appropriate persons or person who would make a determination as to the validity of each.

With kind regards,

Fred F. Bell

FFB/crib
Enclosure
cc:   Mr. Michael Williams (w/enclosure)
      Mr. Timothy Crenshaw (w/enclosure)

---

STATE OF ALABAMA                    }
COUNTY OF MONTGOMERY        }

RECEIVED
DEC 29 2006
CITY CLERK
MONTGOMERY
ALA.

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

COMES NOW TIMOTHY ROBERT CRENSHAW, Claimant, and hereby makes

the following claim against the City of Montgomery.  I am a resident of Montgomery,

Alabama.

On November 24, 2005,  G. C. Cremeens, an officer with the City of Montgomery

Fire Department came into the Diamonds Club and informed one of the employees that

he thought that the Diamonds was over capacity.  Mr. Cremeens issued a uniform non-

traffic Citation to me for violation of City Ordinance Number 29-200.   He ordered all

patrons from the club.  Initially, the charge was for "overcrowding," but the charge was

later changed to "reckless endangerment."  And he further ordered that Diamonds be

closed until I had met court.

Lt. Cremeens signed a criminal complaint, alleging that I had violated Ordinance

Number 29-2000 and an N.F.P.A rule.  Thereafter, I was ordered to stand trial in the

Municipal Court of Montgomery.  In defending this charge, I was required to seek legal

representation on the charge. I pled not guilty to the charge, and asked for a trial.

Prior to the trial of the case, I, through counsel, motioned that the charge be

dismissed because overcrowding did not constitute a criminal offense, that the municipal

ordinance under which I had been charged did not envision overcrowding as a criminal

offense, and that the State Legislature had not made overcrowding a criminal offense in

Alabama.  My motion was denied by the municipal court. The case was set for trial.

Because of the action of the City, I have suffered damages in that I had to used earned vacation time to go to court, I had to employ legal representation, I have suffered mental anguish; I lived in fear of losing my job because of the complaint and conviction and by having a conviction on my record, my good name and reputation have been tarnished.

Consequently, the Claimant makes a claim for $100,000.00.

Done this _29th day of December 2006.

_____
Timothy Robert Crenshaw, Claimant

STATE OF ALABAMA            }
COUNTY OF MONTGOMERY        }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that **TIMOTHY ROBERT CRENSHAW.**, who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 29TH day of December, 2006.

_____
Notary Public
My Commission Expires: 1-26-09

STATE OF ALABAMA       }
COUNTY OF MONTGOMERY    }

RECEIVED
DEC 2 9 2006
CITY CLERK
MONTGOMERY
ALA.

## VERIFIED CLAIM AGAINST THE
## CITY OF MONTGOMERY, ALABAMA

COMES NOW TIMOTHY ROBERT CRENSHAW, Claimant, and hereby makes the following claim against the City of Montgomery. I am a resident of Montgomery, Alabama.

On November 24, 2005, G. C. Cremeens, an officer with the City of Montgomery Fire Department came into the Diamonds Club and informed one of the employees that he thought that the Diamonds was over capacity. Mr. Cremeens issued a uniform non-traffic Citation to me for violation of City Ordinance Number 29-200. He ordered all patrons from the club. Initially, the charge was for "overcrowding," but the charge was later changed to "reckless endangerment." And he further ordered that Diamonds be closed until I had met court.

Lt. Cremeens signed a criminal complaint, alleging that I had violated Ordinance Number 29-2000 and an N.F.P.A rule. Thereafter, I was ordered to stand trial in the Municipal Court of Montgomery. In defending this charge, I was required to seek legal representation on the charge. I pled not guilty to the charge, and asked for a trial.

Prior to the trial of the case, I, through counsel, motioned that the charge be dismissed because overcrowding did not constitute a criminal offense, that the municipal ordinance under which I had been charged did not envision overcrowding as a criminal offense, and that the State Legislature had not made overcrowding a criminal offense in Alabama. My motion was denied by the municipal court. The case was set for trial.

was required to seek legal representation on the charge. I pled not guilty to the charge, and asked for a trial.

Prior to the trial of the case, I, through counsel, motioned that the charge be dismissed because overcrowding did not constitute a criminal offense, that the municipal ordinance under which I had been charged did not envision overcrowding as a criminal offense, and that the State Legislature had not made overcrowding a criminal offense in Alabama. My motion was denied by the municipal court. The case was set for trial.

When the case was called for trial, the City, through Lt. Cremeens, then changed the charge and issued another complaint and summons charging me with reckless endangerment—emanating from the alleged overcrowding as had been charged in the initial complaint. Again, I, through my attorney, moved for dismissal of the charge. Later, the City, through Mr. Cremeens, dismissed the first reckless endangerment charge at trial. However, a few days later, Mr. Cremeens instituted yet a third charge: reckless endangerment. Again, I moved for dismissal of the charge on various evidentiary, procedural, constitutional, and statutory grounds. The municipal court denied the charges, and, eventually, I was found guilty of the charge of reckless endangerment. I was sentenced to 75 days in jail, suspended, and fined $500.00 and costs. In all, the City charged me three times for one alleged offense: overcrowding.

I appealed the conviction and sentence to the Circuit Court of Montgomery County, Alabama. I moved to have the charge against me dismissed because the complaint filed by Mr. Cremeens did not constitute a criminal offense. The Circuit Court agreed and wrote an order dismissing the charge of overcrowding on June 29, 2006. In the order, the Court wrote that overcrowding did not constitute reckless endangerment.

2

The city of Montgomery has no such ordinance that makes overcrowding a criminal offense; Alabama does not make overcrowding a criminal offense. Therefore, Lt. Cremeens had no authority to bring a criminal complaint for overcrowding, and in brining such a complaint, Lt. Cremeens acted in a negligent manner, or with mistaken belief. The City, in refusing to dismiss the charges, ratified and acquiesced in Lt. Cremeens' negligent conduct. Additionally, it is my contention that the City retaliated against me for seeking redress, abused the judicial process in instituting criminal charges when it was clearly established that the charge on which the city premised its whole prosecution was not a criminal act, had never been made a criminal act by a city ordinance, and had not been declared a criminal act by the Legislature. Hence, the City, along with Lt. Cremeens, violated my constitutional rights to equal protection and due process.

Because of the action of the City, I have suffered damages in that I had to used earned vacation time to go to court, I had to employ legal representation, I have suffered mental anguish; I lived in fear of losing my job because of the complaint and conviction and by having a conviction on my record, my good name and reputation have been tarnished.

Consequently, the Claimant makes a claim for $100,000.00.

Done this **25th** day of December 2006.

*Michael Williams*
MICHAEL WILLIAMS, Claimant

3

STATE OF ALABAMA            }
COUNTY OF MONTGOMERY        }

I, the undersigned authority, A Notary Public in and for said State at Large, hereby certify that MICHAEL WILLIAMS, who being by me first duly sworn, states that the allegations contained in foregoing Verified Claim Against The City Of Montgomery are true and correct to the best of his information, knowledge and belief, and he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this ___28___ day of December, 2006.

_Sylvester Smith_____
Notary Public
**My Commission Expires:** _12-18-2010_

4



# City of Montgomery, Alabama

## CITY CLERK'S OFFICE

Brenda Gale Blalock
City Clerk

Mayor Bobby N. Bright

City Council Members

Charles W. Jinright - President
Tracy Larkin - Pro tem
David Michael Burkette
Cornelius Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY        )
CITY OF MONTGOMERY          )


I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached is a true and correct copy of the Minutes of the March 23, 2005, Public Safety Standing Committee Meeting.

GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 3rd day of September, 2008.


BRENDA GALE BLALOCK, CITY CLERK


SEAL


**EXHIBIT**

tabbies

B

PUBLIC SAFETY STANDING COMMITTEE
THE ROSE SUPPER CLUB
954 HIGH STREET
MARCH 23, 2005 – 10:00 A.M.

The Public Safety Standing Committee met Wednesday; March 23, 2005, at 10:00 a.m., in the Council Chamber to discuss the occupancy level of the Rose Supper Club at 954 High Street. The following Committee members were present: Councillor Willie Cook, Chairman, Councillor Jim Spear, Councillor Janet May, Councillor Cornelius Calhoun, Councillor Glen Pruitt. Mr. Richie Thomas and Mr. Richard Thomas were present representing The Rose Supper Club. Mr. Michael Montgomery, Chief of Security for the Rose Supper Club, was also present. City Staff present were: Chief John McKee and Fire Marshal Jim Amsler of the Fire Department, Captain Jerry McQueen, Montgomery Police Department, and Brenda Blalock, City Clerk.

The Chairman called the meeting to order at 10:05 a.m. and stated the purpose of this meeting was to address Mr. Thomas' request to increase the occupancy level of the Rose Supper Club. The Chairman requested Chief McKee to tell the Committee how they determined the occupancy levels for this type of establishment. Chief McKee told the Committee that there were several factors that had to be determined in order to determine the number, but all was found in the NFPA and was used across the board with all establishments of this type. Fire Marshall Amsler came forward and told the Committee the process that was used in measuring, taking into consideration the number of table and chairs and the number of exits and if the exits complied with the Code in size and number.

The Chairman wanted to know how the establishment had originally been given an occupancy level of 523. The Chief said he was not in charge then and did not really know how that number had been determined. But that an Ad Hoc Committee had been established several years ago and at that time the occupancy level was lowered to 300 because of an agreement with the Committee and Mr. Richard Thomas.

The Chairman said he would like a better understanding of how the occupancy level is determined. Chief McKee said he would be glad to go with the Committee to the establishment and show them how they determined it. It was the consensus of the Council that they proceed to do this at this time. The Committee adjourned at 10:50 a.m. to reconvene at The Rose Supper Club, 954 High Street, at 11:05 a.m.

The Chairman called the meeting back to order at 11:05 a.m. at the Rose Supper Club, 954 High Street with the following people present: Chairman Cook, Councillor Spear, Councillor May, Councillor Calhoun, Councillor Pruitt, Chief John McKee, Fire Marshall Amsler, Major Johnny George, Captain James Duke, Lt. Lee McBryde, Lt. Robert Pugh, Brenda Blalock. The Chairman asked the Fire Department representatives to show the Committee how they measured and determined the occupancy level, which they did. At 11:45 a.m., the Chairman adjourned the meeting to reconvene at the Council Chamber at 12:05 p.m.

The Chairman called the meeting back to order at 12:05 p.m. in the Council Chamber, with the following people present: Chairman Cook, Councillor Spear, Councillor May, Councillor Calhoun, Councillor Pruitt, Chief John McKee, Fire Marshal Jim Amsler, and Brenda Blalock. The Chairman asked Chief McKee to tell the Committee the occupancy level that was determined by the trip to the Rose Supper Club. Chief McKee stated that the final occupancy level was 350 people. Chief McKee also reported that they were going to establish a form that would show the figures and measurements used with each establishment to determine their occupancy level. The Chairman thanked Chief McKee and his staff for walking the Committee through the procedure.

Councillor Spear asked Fire Marshall Amsler to address the issue of how Mr. Thomas could increase his occupancy level. Fire Marshall Amsler said that if Mr. Thomas would add another exit to the upstairs bar area he would increase that area's occupancy level from 49 people to approximately 100 people.

The Chairman asked Mr. Richie Thomas if the was satisfied with the results and he reported that he was. He thanked the Public Safety Committee and staff for their time and efforts.

There being no further business to come before the Committee, the meeting adjourned at 12:14 p.m.

Willie Cook Chairman



# City of Montgomery, Alabama

### CITY CLERK'S OFFICE
Brenda Gale Blalock, City Clerk

Mayor Bobby N. Bright

City Council Members

Charles Jinright - President
Tracy Larkin - Pro tem
David M. Burkette
Cornelius "C.C." Calhoun
Willie Cook
Glen O. Pruitt, Jr.
Martha Roby
Charles W. Smith
Jim Spear

STATE OF ALABAMA            )
COUNTY OF MONTGOMERY   )
CITY OF MONTGOMERY       )


I, Brenda Gale Blalock, City Clerk of the City of Montgomery, Alabama, DO HEREBY CERTIFY that the attached is a true and correct copy of the Minutes of the December 1, 2005, Special Called Meeting of the Council of the City of Montgomery, which were adopted December 6, 2005 at the Regular Meeting of the Council of the City of Montgomery.

GIVEN under my hand and the official SEAL of the City of Montgomery, Alabama, this the 2nd day of September, 2008.


_____
BRENDA GALE BLALOCK, CITY CLERK


SEAL

**EXHIBIT**

tabbies'

C

SPECIAL MEETING
COUNCIL OF THE CITY OF MONTGOMERY
DECEMBER 1, 2005 – 2:00 P.M.
COUNCIL CHAMBER

The Council of the City of Montgomery met in a Special Council Meeting on Thursday, December 1, 2005 at 2:00 p.m. The following members were present:

PRESENT:    SPEAR, HEAD, MAY, NUCKLES, CALHOUN,
            COOK, ROBY, PRUITT, JINRIGHT                    --9

ABSENT:    NONE                                            --0

Councillor Charles Jinright, President of the Council, presided as Chairman of the meeting, and Brenda Gale Blalock, City Clerk, served as the Clerk of the meeting. The meeting was opened with prayer by The Reverend James Jemison and the Pledge of Allegiance.

The following notice was given of the called meeting:

PUBLIC NOTICE
SPECIAL CALLED COUNCIL MEETING

Pursuant to Section 11-43-50 of the Code of Alabama and Ordinance No. 72-2003 Section 3.2, Councillor Calhoun, Councillor Pruitt and Councillor May have requested a Special Called Meeting of the Montgomery City Council as follows:

DATE:    Thursday, December 1, 2005

TIME:    2:00 p.m.

PLACE:    Council Chamber, City Hall, 103 North Perry Street

PURPOSE:    To discuss the closing of the following establishments by the Mayor:
            1. Celebrations
            2. Diamonds
            3. Rose Supper Club
            4. The Cotton Club

For further information contact the City Clerk's Office, 334/241-2096.

Brenda Gale Blalock
City Clerk

The Chairman stated this was the time and place to hear and consider the closing of Celebrations. Mr. Barry Barr was present representing this item. Mayor Bright reported that this establishment had been closed because of a shooting incident in the parking lot. Police Chief Art Baylor addressed the Council regarding this issue.

Councillor Cook made a motion to allow Celebrations to reopen their business, which motion carried with the following vote:

AYES:          HEAD, MAY, NUCKLES, CALHOUN,
               COOK, ROBY, PRUITT, JINRIGHT                --8
NAYS:          NONE                                         --0
ABSTAINED:     SPEAR                                        --1
ABSENT:        NONE                                         --0

The Chairman stated this was the time and place to hear and consider the closing of Diamonds. Mr. Fred Bell, attorney, was present representing this item. Mayor Bright reported that this establishment had been closed because of violation of their occupancy

load. He stated their occupancy load level was 299 and on the night in question, they were 161 over their capacity.

Councillor Calhoun made a motion to allow Diamonds to reopen their business, which motion carried with the following vote:

| | | |
|---|---|---|
| AYES: | HEAD, MAY, NUCKLES, CALHOUN, COOK, ROBY, PRUITT | --7 |
| NAYS: | SPEAR, JINRIGHT | --2 |
| ABSTAINED: | NONE | --0 |
| ABSENT: | NONE | --0 |

The Chairman stated this was the time and place to hear and consider the closing of the Rose Supper Club. Mr. Andre Hathcock was present representing this item. Mayor Bright reported that this establishment had been closed because of violation of their occupancy load. He stated their occupancy load level was 350 and on the night in question, they were 158 over capacity.

Councillor Cook made a motion to allow the Rose Supper Club to reopen their business, which motion carried with the following vote:

| | | |
|---|---|---|
| AYES: | HEAD, MAY, NUCKLES, CALHOUN, COOK, ROBY, PRUITT, JINRIGHT | --8 |
| NAYS: | SPEAR | --1 |
| ABSTAINED: | NONE | --0 |
| ABSENT: | NONE | --0 |

The Chairman stated this was the time and place to hear and consider the closing of The Cotton Club. Ms. Alberta Jackson was present representing this item. Mayor Bright reported that this establishment had been closed because of violation of their occupancy load. He reported that this establishment had been in violation twice recently. Their occupancy load level is 99. Around the 1st of February they were 34 over their capacity and on the night they were closed, they were 26 over their capacity.

Councillor Calhoun made a motion to allow The Cotton Club to reopen their business, which motion carried with the following vote:

| | | |
|---|---|---|
| AYES: | HEAD, MAY, NUCKLES, CALHOUN, COOK, ROBY, PRUITT, JINRIGHT | --8 |
| NAYS: | SPEAR | --1 |
| ABSTAINED: | NONE | --0 |
| ABSENT: | NONE | --0 |

Councillor Calhoun requested that all four establishments be put into the Public Safety Standing Committee for their investigation and review, which was the consensus of the Council.

There being no further business to come before the Council, the meeting adjourned at 2:52 p.m.

/s/ BRENDA GALE BLALOCK, CITY CLERK

/s/ CHARLES W. JINRIGHT, PRESIDENT
COUNCIL OF THE CITY OF MONTGOMERY